[No. 8261.    Department One.    December 16, 1909.]

I. W. Bailie *et al., Appellants,* v. W. T. Parker *et al., Respondents.*[1]

Vendor and Purchaser—Fraudulent Representations—Evidence—Sufficiency. There is sufficient evidence to make out a *prima facie* case of fraud in the sale of land, where it was represented to be tillable and suitable for irrigation, with water rights and fifty or sixty acres under cultivation, half in alfalfa, and all fenced, when in fact, none had been prepared for cultivation, no water rights obtained, and the representations were false in other respects.

Appeal from a judgment of the superior court for Spokane county, Warren, J., entered December 10, 1908, dismissing an action for damages for fraud in the sale of real property. Reversed.

*Belt & Powell,* for appellants.

*John M. Gleeson* and *Joseph F. Morton,* for respondents.

Morris, J.—Appellants brought this action to recover damages for fraudulent misrepresentations in the sale of certain lands in Oregon. At the conclusion of their case, respondents challenged the sufficiency of the testimony and moved for a dismissal, which motion was granted, and a motion for a new trial being denied, plaintiffs appeal.

Upon reviewing the record we are of the opinion that the court was in error in sustaining the challenge and dismissing the action. The evidence was to the effect that respondents represented the land as being tillable and suitable for irrigation, with water rights; that between fifty and sixty acres were under cultivation with about thirty acres in alfalfa; two sets of buildings, and all fenced; when, as a matter of fact, there was no alfalfa on the place, none of

[1]Reported in 105 Pac. 834.

the land had been prepared for cultivation, no water rights had been obtained, no irrigation ditches constructed, and that in other respects the land was not as represented. With such evidence we cannot understand why a *prima facie* case had not been made out. Without citing other authority, or discussing the case further, in view of the fact that a new trial must be had, we think the case is controlled by the decision of this court in *Wooddy v. Benton Water Co.*, 54 Wash. 124, 102 Pac. 1054, and upon the authority of that case the judgment is reversed and the cause remanded for a new trial.

Rudkin, C. J., Gose, Fullerton, and Chadwick, JJ., concur.