[No. 8561. Department One. March 1, 1910.]

STONEWALL J. LINDSAY *et al., Respondents,* v. HENRY A. DAVIDSON *et al., Appellants.*[1]

VENDOR AND PURCHASER—RESCISSION BY VENDEE—FRAUD. A trade of real estate may be rescinded by a vendee who took land lying at a distance without having seen it, relying upon representations, known by the vendors to be false, to the effect that 100 acres were under cultivation and 21 acres irrigated, with orchard, etc., where there were only 25 acres under cultivation and no irrigation or orchard.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered July 1, 1909, upon findings in favor of the plaintiffs, in an action for equitable relief. Affirmed.

*Samuel Edelstein,* for appellants.

*Poindexter & Moore* and *George H. Armitage,* for respondents.

MORRIS, J.—Appeal from a decree vacating a deed from respondents to appellant Bowman.

The respondents, on March 16, 1909, were the owners of two hundred and forty acres of land, in Ferry county, of the value of $2,400, but resided at Potlatch, Idaho. On that day respondent Stonewall J. Lindsay, being at Spokane, called at the office of appellants, who were engaged in the real estate business as the Davidson Investment Company, with the purpose of listing the Ferry county lands for sale. During the negotiations, appellant Bowman represented to him that W. S. Nier, owning one hundred and sixty acres of land in Franklin county, one hundred acres of which were under cultivation, twenty acres irrigated, and five acres in alfalfa, all fenced and improved with dwelling house, barn and orchard, having also a dam for impounding water for irrigation, which had been constructed at a cost of $500, had

[1]Reported in 107 Pac. 514.

listed the same with appellants for sale; that these lands were of the value of $3,500, and were subject to a mortgage of $1,000; and suggested an exchange. Bowman had no knowledge of the Ferry county lands, nor was Lindsay familiar with the Franklin county lands. The court finds that each of the parties, relying absolutely upon the description of the respective lands, and believing all the representations respectively made by each as to the character, value, and condition of the two pieces, finally agreed upon an even exchange. Lindsay and wife thereupon executed a deed of the Ferry county lands, in which Bowman is named as grantee, but which they thought was for the use and benefit of Nier; and Bowman gave Lindsay a deed executed by Nier and wife November 12, 1908, in which the name of the grantee had been left blank, the blank being filled by inserting the name of Stonewall J. Lindsay as grantee.

The court further finds that subsequently Lindsay visited the Franklin county land, and then for the first time discovered that the representations made by Bowman as to their condition and value were false; that only twenty-five acres were under cultivation, three acres in alfalfa, no part of the land under irrigation, no dam for the impounding of water for irrigation, no orchard; that the house and barn were of little or no value; that the greater portion of the land was incapable of cultivation, and that the value thereof did not exceed $1,000. It is further found that these false representations were made with full knowledge of their falsity and with intent to deceive, and that respondents would not have consented to the exchange except for their reliance upon the truth of the facts as represented to them by Bowman. It also appears that Bowman, under the impression conveyed to respondents that he was representing Nier in the exchange, demanded and received from respondents a commission of $60.

Upon Lindsay's return to Spokane he called on appellants and made complaint "that they had skinned" him. Bowman, he says, told him "to quit whining," and he would sell the

property and "get you out of it"; that he could not do anything with Nier because the Ferry county land had been taken out of their hands, but that he would see Nier and "see if we can't do something for you." Bowman's version of this conversation is that, when Lindsay said he wanted to trade back, "I said I didn't want to do boy's work that way. I thought you was a man that wouldn't squeal if you got it in the neck." It is also shown that Nier knew nothing about the transaction, and had had no connection with the Franklin county land since November 12, 1908, when he traded it to appellants. The findings of the court, as we have set them forth, are amply sustained by the evidence and support the judgment in favor of respondents. In addition to the representations as made by Bowman, we find a circular issued by appellants in which the Franklin county land is described as

"3500—160 acres described as follows: 100 acres under cultivation, 20 acres under irrigation, 5 acres alfalfa, all under fence, house, barn and orchard. Mtg. $1000. 3 year. 8 per cent, located near Washtucna";

which was given by appellants to Lindsay at the time of his first visit to their office. All that need be said upon the law of the case is a reference to what was said by this court in actions of this character in the late cases of *Wooddy v. Benton Water Co.*, 54 Wash. 124, 102 Pac. 1054, and *Bailie v. Parker*, 56 Wash. 353, 105 Pac. 834, where it was held that a vendee may rely upon representations of his vendor where the property is at a distance, or where for any other reason the falsity of the representation is not readily ascertainable.

The above cases, amply supported by authority, are decisive of the case, and the judgment is affirmed.

Rudkin, C. J., Fullerton, Chadwick, and Gose, JJ., concur.