[No. 9996.   Department Two.   April 5, 1912.]

J. S. Godfrey, *Respondent*, v. T. P. Olson, *Appellant.*[1]

Appeal—Review—Amendments to Conform to Proof. Where evidence was admitted without objection, the complaint might have been amended to conform to the proof, and the supreme court will consider the amendment as made.

Fraud—Fraudulent Representations—Evidence—Sufficiency—Reliance on Representations. The evidence sustains findings of fraudulent representations in the exchange of property, upon which the plaintiff had a right to rely, where it appears that the defendant knew that plaintiff had no time to examine the land, which was at a distance, and falsely represented that it was good land with a bearing orchard, when in fact it was barren and rocky and had no trees on it; and the fact that defendant honestly believed the representations to be true does not relieve him from the payment of damages.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered May 26, 1911, upon findings in favor of the plaintiff, in an action in tort.   Affirmed.

*B. M. Branford*, for appellant.

*George W. Sommer*, for respondent.

Ellis, J.—Action to recover from the defendant damages for alleged fraudulent representations inducing the plaintiff to an exchange of property.   The defendant demurred generally to the complaint.   The demurrer was overruled.   The cause was tried to the court without a jury.

The evidence shows plaintiff was the owner of the furniture and fixtures of what is designated in the record as the Lincoln Hotel, in the city of Spokane, which he desired to dispose of by sale or exchange.   In the forenoon of July 20, 1910, he went to the office of the defendant, a real estate agent in Spokane, who suggested exchanging for the hotel ·property two lots situated in the town of Paha, in Adams

[1]Reported in 122 Pac. 1014.

county, Washington, and a certain five-acre tract of land, situated about fifteen miles south of Spokane. As to what occurred at that time, the evidence is in direct conflict. The plaintiff testified, in substance, that the defendant represented the five acres as all in bearing orchard which only needed trimming; that the land was owned by a man in British Columbia with whom the defendant would have to communicate by long distance telephone before he could make any trade; that the defendant did not say that he had not seen the land and the plaintiff took it for granted from the representations made by the defendant that he had personal knowledge of the property; that the defendant said, "You can go out (to see the land) if you want to, but you can rely on what I say." The plaintiff further testified, without objection, that he was just getting ready to operate a threshing outfit, and had engagements which made it necessary that he leave Spokane on the following morning for a long absence, and that he was so busily occupied with preparations to leave that he had no time to go and examine the land.

The defendant testified that he told the plaintiff that the land had been represented to him as being in bearing orchard, but that he had not seen it; that a man in British Columbia was interested with him in the property, and if the plaintiff would come again in the afternoon, the defendant would let him know whether he could make the trade or not; that the defendant asked the plaintiff if he was not going to see the property, and he answered in effect that he had not the time and would take his chances.

It is conceded that an appointment was made for three or four o'clock in the afternoon of the same day, when the exchange was made, the hotel property being valued at $1,700, the two lots at $850, and the five-acre tract at $1,250 subject to a mortgage for $400. The plaintiff testified that, because he had to leave Spokane the next day, he closed the sale immediately, relying on the defendant's representations;

or, as he expressed it, "On his recommend; he said that the
property was five acres of bearing orchard, and that it was
alright;" that he relied wholly upon the defendant's repre-
sentations as to the value, improvements, and character of
the land.   The evidence was also conflicting as to the actual
character and value of the land.   The defendant and his wit-
nesses testified that it was level, of good soil and worth $150
an acre.   The plaintiff and another witness testified that it
was very rough, very rocky, of very poor soil, and practi-
cally worthless.   It is admitted that it was wholly unim-
proved and had no fruit trees of any kind upon it.

The court found, in substance, that the land was not as
represented, but was rough, rocky, and had never been
planted to fruit trees, but was covered with small pines and
was practically worthless; that the defendant fraudulently,
and with intent to deceive the plaintiff, represented that the
land was good land and entirely planted in orchard in good
bearing condition, except that it needed pruning; that the
plaintiff wholly relied upon the representations and was in-
duced thereby to exchange properties, to his damage in the
sum of $500.

Judgment was entered for the plaintiff for $500 and costs.
From that judgment, the defendant has appealed.

The appellant contends that the complaint was insufficient
in that it did not allege any fiduciary relation between the
parties, nor that the plaintiff had no opportunity to ex-
amine the land, nor that by the exercise of ordinary care and
diligence he could not have discovered that the alleged repre-
sentations were false.   The complaint was doubtless faulty
in not alleging a sufficient excuse for the respondent not visit-
ing the land.   The evidence, however, showed a sufficient ex-
cuse.   It was evident that the appellant knew that, because
of other pressing business engagements, the respondent could
not visit the land and was relying upon the representations
made.   This evidence was admitted without any objection
that it was not within the pleadings.   An amendment could

have been made to conform to the proof. In such a case, under the liberal rule made incumbent upon us by the statute (Rem. & Bal. Code, § 307), the amendment will be regarded as having been made. 1 Ency. Plead. & Prac., pp. 578-581-582.

The contention that the evidence did not warrant the finding that the appellant was guilty of fraud and misrepresentation cannot be sustained. A consideration of the entire evidence convinces us that the appellant knew that the respondent did not intend to make an examination of the land, and could not do so without serious interference with his other pressing business engagements. If, in view of these facts, he actually made the representations as testified to by the respondent, and assured him that he could rely upon them, the appellant was guilty of actionable fraud. The trial court heard the witnesses testify and had an opportunity to observe their demeanor. We find in the record no sufficient reason for holding that he was not warranted in believing the respondent's version of the transaction. The case falls squarely within the rule announced in *Lindsay v. Davidson,* 57 Wash. 517, 107 Pac. 514, upon a closely similar state of facts. It was there held that, "A vendee may rely upon representations of his vendor where the property is at a distance, or where for any other reason the falsity of the representation is not readily ascertainable." The rule thus tersely stated is in accord with the decided trend of authority and is supported by many decisions of this court. *Wooddy v. Benton Water Co.,* 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102; *Bailie v. Parker,* 56 Wash. 353, 105 Pac. 834; *Best v. Offield,* 59 Wash. 466, 110 Pac. 17, 30 L. R. A. (N. S.) 55; *West v. Carter,* 54 Wash. 236, 103 Pac. 21; *Jones v. Hawk,* 64 Wash. 171, 116 Pac. 642; *McMillen v. Hillman,* 66 Wash. 27, 118 Pac. 903; *Kuehl v. Scott,* 66 Wash. 318, 119 Pac. 742; 14 Am. & Eng. Ency. Law (2d ed.), 120.

The appellant's claim that he honestly believed that the

property was as represented by him cannot, under the circumstances, even if true, relieve him from liability for damages.

"It makes no difference whether the representations made were known by the vendor, as found by the court in this instance, to be false, or not. The effect on the purchaser would be the same, and if he had a right, under all the circumstances, to rely upon them, and did rely and act upon them, he can recover." *Best v Offield*, 59 Wash. 466-471, 110 Pac. 17, 30 L. R. A. (N. S.) 55.

See, also, *Lawson v. Vernon*, 38 Wash. 422, 80 Pac. 559, 107 Am. St. 880; *Hanson v. Tompkins*, 2 Wash. 508, 27 Pac. 73; *Sears v. Stinson*, 3 Wash. 615, 29 Pac. 205; *West v. Carter, supra*.

On the facts, we think that the evidence was sufficient to justify the findings of the court. On the law as applied to the findings, the foregoing authorities are decisive. The judgment is affirmed.

DUNBAR, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.