[No. 12252. Department Two. May 14, 1915.]

NELS CHRISTENSEN et al., *Appellants*, v. FREDERICK A. KOCH
et al., *Respondents*.[1]

APPEAL AND ERROR—REVIEW—FINDINGS. The judgment of the trial
court based on findings made on conflicting evidence is reversible on
appeal, when the supreme court is satisfied that the preponderance
of the evidence is against such findings.

VENDOR AND PURCHASER—RESCISSION — FALSE REPRESENTATIONS—
RELIANCE ON. Rescission will be granted to a purchaser of lands,
located at a distance, who was misled by the vendor's representations,
the falsity of which were not readily ascertainable, although he did
not avail himself of the vendor's offer to pay the expenses of a
trip to inspect the land; since ordinary prudence does not require
a person to test the truthfulness of representations made on personal
knowledge with the intent that they shall be believed and acted on.

Appeal from a judgment of the superior court for Sno-
homish county, Alston, J., entered January 8, 1914, upon
findings in favor of the defendants, dismissing an action for
rescission, tried to the court. Reversed.

*Willett & Oleson,* for appellants.

MORRIS, C. J.—Action to rescind an exchange of real
estate. Appeal from a judgment of dismissal.

Appellants were the owners of two lots at Everett, upon
which there was a small house and a mortgage of $550. Re-
spondents were the owners of a farm of 160 acres in Adams
county, upon which there was a like incumbrance of $550.
An exchange of these properties was arranged; appellants
paying in addition $300 in cash, and giving respondent
Frederick A. Koch a note for $700. Rescission is asked for
upon the ground of false representation made by respondent
Frederick A. Koch as to the character of the Adams county
land. These representations were that the land was good
wheat land; that 110 acres had been seeded to wheat in the
fall of 1912, and 25 acres to rye; that the land produced

[1]Reported in 148 Pac. 585.

twenty to thirty bushels to the acre; that there was a good four-room house on the ranch, and a barn or shed for horses.

The lower court found that the appellants' Everett property was worth $1,500; that the Adams county land was worth $2,000; that respondent Frederick A. Koch substantially represented the character of the Adams county land, and the buildings thereon, and, before the exchange was completed, advised appellant Nels Christensen to make a personal examination of the Adams county land, offering, through himself or agent, to loan him the necessary money for the trip, and that if the land was found to be other than as represented, to pay all expenses of the trip. Based upon this last finding, a conclusion of law was made that appellants were reckless in not availing themselves of the offer. These findings, if supported by the evidence, would support the judgment under the rule so often announced, that findings of the lower court made upon conflicting evidence will not be disturbed, unless from an examination of the record we can say the preponderance of the evidence is against the findings. Having read the record, we have reached the conclusion that the preponderance of the evidence does not sustain the findings, but supports the contention of appellants. This calls for a reversal of the judgment. *Borde v. Kingsley*, 76 Wash. 613, 136 Pac. 1172.

Upon the question of the value of the respective properties, appellants alleged in the complaint that the Everett property was of the value of $2,500, and upon his examination as a witness, Nels Christensen so testified. Respondent, in the answer, denied the Everett property "was worth the sum of $2,500, or to exceed $2,000." Frederick A. Koch testified that the value did not exceed $1,500. This was the only testimony upon this point. The value should have been found to be $2,000 under the admission of the pleading. Appellants alleged the Adams county land was worth $900. Respondents alleged it to be worth $4,000. The only evidence in the record as to the value of the Adams county land was

from a witness who owned adjoining lands, and was familiar with the property as farming lands. He testified that 30 acres was white clay; 30 acres was covered with scab rock, and that these sixty acres were valueless for farming purposes; that the remainder of the land was worth $7 per acre. This would make a valuation not to exceed $1,120, giving the entire 160 acres the same valuation of $7 per acre. The finding of the lower court was that the Adams county land was not worth the amount paid by appellant, but was worth $2,000. There is no evidence of a valuation of $2,000 in the record, nor any evidence of any other valuation except $7 per acre as stated. Respondent Frederick A. Koch testified that he had been offered a loan of $1,000, and in making up this finding of value the court recites this fact, and then fixes the value at $2,000. Assuming that this respondent was offered a loan of $1,000, such a fact does not evidence that the land was worth $2,000. Incidentally it might be said that there is a showing by affidavits used in support of a motion for a new trial that this respondent was not offered a loan of $1,000, but that he endeavored to obtain a loan of $600 which was denied him, and the largest sum he could procure upon the land was $550, the sum represented by the mortgage. Giving appellants' land a valuation of $2,000 as admitted by the answer, and adding $1,000 as represented by the cash payment and note, we have $3,000 as the value of the Adams county land as fixed by the trade, so that it is clear, at least to us, that appellants were led to believe that this land was worth at least $3,000, which means an excess of $1,880 in value, if we take the only evidence as to value; or, if we accept the court's valuation of $2,000, appellant paid $1,000 more than the land was worth.

The land was represented as good wheat land. The evidence shows that approximately 60 acres was untillable, and that this farm was part of a two township section of Adams county that was rated as third class land. It was represented that 100 acres had been seeded to wheat and 25 acres

to rye. The evidence is that none of the land was plowed, but that respondent had arranged with a neighboring farmer to disk in about 80 acres of wheat, and when told that no crop could be expected from such a planting, respondent Frederick A. Koch replied that he did not care whether he had a crop or not, as he intended to sell the land and wished to be in a position to say it was in wheat. In addition to these 80 acres, about 14 acres had been treated in the same manner during some prior year, upon which a volunteer crop had grown for the past two years. No part of the land had been seeded to rye, but for two years there had been a volunteer crop of rye from some old seeding. Instead of producing twenty or thirty bushels of wheat to the acre, the evidence is that the average crop since 1908 was five or six bushels. Respondent Frederick A. Koch admits that he told appellant that they raised 25 to 40 bushels of wheat to the acre in that county, but says he did not say this particular land would produce such a crop. Accepting his statement as he says he made it, it could have been intended for no other purpose than to induce appellants to believe the land was first-class wheat land and would produce a crop of the character indicated.

We will not go into the evidence further. Enough has been stated to show that the Adams county land was not as represented, and the case falls within the rule of *Wooddy v. Benton Water Co.*, 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102, and the numerous subsequent affirming cases, many of which are collected in *Becker v. Clark*, 83 Wash. 37, 145 Pac. 65. These cases hold that a vendee may rely upon representations of his vendor where the property is at a distance, or where for any reason the falsity of the representation is not readily ascertainable. The lower court evidently gave great weight to respondent's offer to pay the expenses of appellant to Adams county, and in his conclusion charges appellant with recklessness in not availing himself of such offer. Appellant's rights are not to be judged by such

tests.  Ordinary prudence does not require a person to test the truthfulness of representations made to him by another as of his own knowledge with the intent that they shall be believed and acted upon, even though the party to whom such representations are made may have an opportunity to ascertain the truth for himself.  Such is the law as established by the overwhelming weight of authority, and such is the language of *Wooddy v. Benton Water Co., supra.*  The same rule is laid down in *Stewart v. Larkin*, 74 Wash. 681, 134 Pac. 186, where we endeavor to point out under what circumstances this rule is applicable, and when the converse of the rule is applicable.  In *Jones v. Hawk*, 64 Wash. 171, 116 Pac. 642, a contract for the exchange of real estate was denied specific performance because of false representations as to the character of the land even though the complainant party had visited the land before making the trade.  If, as is there said, "the respondent's conduct is not reckless," how can we say in this case that the appellant's conduct was reckless because he did not visit the land.  The appellants are entitled to a rescission of the contract and a reconveyance of the Everett lots; the cancellation of the $700 note if still held by respondent; if in the hands of any third party, the $700 should be added to the $300 cash payment, and $200 representing a mortgage indebtedness placed upon the Everett lots by respondents, and judgment awarded appellants accordingly; the Adams county land to be reconveyed to respondents when they have complied with these conditions.

Reversed and remanded for further proceedings in accordance with this opinion.

Crow, Ellis, Fullerton, and Main, JJ., concur.