[No. 12712.  Department Two.  February 9, 1916.]

FRANCIS M. VAN HORN, *Appellant*, v. CLARENCE CHAMBERS
*et al., Respondents.*[1]

VENDOR AND PURCHASER—RESCISSION BY VENDEE—FRAUD—EVIDENCE
—SUFFICIENCY.  It is error to deny a rescission of a contract for the
exchange of properties, sought by plaintiff upon the ground of mis-
representations as to the character and value of land in Montana,
which was subject to claims exceeding its value and therefore worth-
less, and for which plaintiff gave up property of very considerable
value, where it appears that he relied upon false representations that
the Montana land was high grade agricultural land with fine soil,
capable of producing any kind of grain and particularly adapted to
the growth of vegetables for which purposes it was desired, when in
fact it was worthless for growing cereals or vegetables of any kind;
the contract having been made in this state, several hundred miles
from the land, which plaintiff had never seen, although he had been
warned by an attorney to first investigate it.

Appeal from a judgment of the superior court for Walla
Walla county, Mills, J., entered December 9, 1914, in favor
of the defendants, in an action for rescission, tried to the
court.  Reversed.

*Zent, Powell & Redfield* and *Reynolds & Bond*, for appel-
lant.

*Sharpstein & Sharpstein* and *Merritt, Oswald & Merritt,*
(*C. C. Lantry*, of counsel), for respondents.

FULLERTON, J.—On May 8, 1913, the appellant, Van
Horn, was the owner of a certain tract of land situated in
Walla Walla county, in this state, containing some two
hundred acres.  Theretofore he had contracted to sell the
land to one C. D. Weaver, under some form of deferred pay-
ment plan, on which there was, at the date named, a balance
unpaid of $10,500.  Van Horn had listed his interests in the
property for sale with a real estate broker residing in Spo-
kane.  This broker introduced him to the respondent Clar-

[1] Reported in 154 Pac. 1084.

ence Chambers, who proposed to exchange for his interests a certain eighty-acre tract of land situated near Great Falls, in the state of Montana. After some negotiations between the parties, a written agreement was entered into between them by which Van Horn agreed to convey to Chambers the Walla Walla county lands and assign to him his interest in the contract, in consideration of a conveyance by Chambers of the lands in the state of Montana, the payment of $530 in cash, and the assumption by Chambers of an obligation of $180 due from Van Horn to one A. J. Bolter; the exchange to be consummated as soon as abstracts of title to the lands could be furnished and deeds executed. Deeds were executed and delivered on May 10, 1913, two days after the agreement was executed, but prior to the time the abstracts were furnished. The deed executed by the appellant ran to the respondent W. H. Honefenger, instead of the respondent Chambers who furnished the consideration for the exchange.

Shortly after the execution of the deeds, the appellant visited the property in Montana, and finding it, as he contended, not in accordance with the representations made by Chambers, returned and sought a voluntary rescission of the contract. This being denied him, he instituted the present action to enforce a rescission. The trial court denied him relief, and from the adverse judgment, he appeals.

On the question whether the appellant was actually defrauded, the evidence leaves no room for doubt. For the very considerable values he gave in exchange, he actually received only the value of the cash payment made to him by Chambers. The land in the state of Montana was first sold on execution shortly after the exchange was made, under a judgment obtained against Chambers upon an obligation he had left unpaid, to a resident of that state, and subsequently upon the foreclosure of a mortgage outstanding against the property at the time of the exchange. These sales exhausted the property, leaving no surplus to the holder of the fee.

Nor does the evidence leave any doubt that Chambers misrepresented the character and value of the lands. He represented them as worth $125 per acre, and that a loan could be readily obtained upon them for $2,500; that it was high grade agricultural land with a fine soil, capable of producing any kind of grain, and was particularly adapted to the growth of vegetables, the purposes for which the appellant desired it. The sequel proved that all of these representations were untrue. No witness valued the land at anywhere near the value put upon it by Chambers, and the appellant testified that the best offer for a loan upon it was $5 per acre. It is practically undisputed that the land is worthless for growing cereals or vegetables or for any kind of agriculture, and that it had never been used for such purposes. It was shown also that Chambers misrepresented the amounts of the mortgage upon the property, and that he said nothing concerning liens or the possibilities of liens from unsecured indebtedness.

The principal question is whether the appellant acted, in making the exchange, with that degree of prudence required of him under the circumstances. The respondent's counsel argue with much earnestness that he did not, citing and relying upon the case of *Washington Central Improvement Co. v. Newlands*, 11 Wash. 212, 39 Pac. 366. But that case was rested chiefly upon the ground that misrepresentations alleged to have been made related to matters easily ascertainable by the person claiming to have been deceived; that they were representations the truth or falsity of which the injured party could have ascertained by only ordinary diligence, and that his failure to exercise such diligence was negligence on his part. In the course of the opinion, it was recognized that a different rule obtains where the opportunity to investigate is not at hand, such as where the property is at a distance, or where for any reason the truth or falsity of the representation is not readily ascertainable. This dis-

tinction is recognized also in our later cases, notably in *Wooddy v. Benton Water Co.*, 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102; *Stewart v. Larkin*, 74 Wash. 681, 134 Pac. 186; *Becker v. Clark*, 83 Wash. 37, 145 Pac. 65, and *Christensen v. Koch*, 85 Wash. 472, 148 Pac. 585. In each of these cases it is held that a "purchaser may rely upon the representations of a vendor where the property is at a distance, or where for any other reason the falsity of the representations is not readily ascertainable." The facts of the case at bar bring it within the rule of the later cases rather than the earlier one. The contract for the exchange of the property was made at Spokane, in this state. The land in Montana was several hundred miles distant. It was known that the appellant had never seen it, but was relying upon the statements concerning it made by Chambers. Chambers, therefore, spoke at his peril. He should have told the truth or remained silent.

The respondents also rely much upon the fact that warning was given the appellant not to make the exchange without first examining the land he was to receive. This warning came through an attorney with whom the appellant consulted with reference to a minor matter concerning the exchange. But the fact that the appellant did not heed the warning cannot, it seems to us, aid the respondents. To us it only evidences the fact that he had been completely deceived by the respondents; he was led to believe that he was in the hands of Samaritans, whereas he had fallen among the Philistines.

The judgment is reversed, and the cause remanded with instructions to direct a reconveyance from the respondent Honefenger to the appellant of the lands in Walla Walla county, together with a reassignment of the contract mentioned, on the appellant's paying into court for the respondents the sum of $530, and depositing therein a reconveyance to Chambers of the land in Montana. As a condition precedent to a reconveyance, the appellant must also pay into

court the obligation assumed by Chambers, should it be established that Chambers has complied with his agreement by paying the debt.

Morris, C. J., Main, and Ellis, JJ., concur.