[No. 17305.  Department Two.  January 5, 1923.]

CHRIS MOSIMAN, *Individually and as Executor, etc.,*
*Appellant,* v. REESE B. BROWN *et al.,*
*Respondents.*[1]

VENDOR AND PURCHASER (60, 73)—RESCISSION BY VENDEE—FRAUD
—EVIDENCE—SUFFICIENCY. Fraud entitling a purchaser to rescind
a contract for the purchase of land is never presumed, and is not
sufficiently established where the preponderance of the evidence
shows that the price was fair and that the purchaser had the same
means of knowledge as the vendor.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered December 13,
1921, in favor of the defendant, dismissing on the
merits and action of rescission, tried to the court.
Affirmed.

*George S. Kahin, Snively & Bounds,* and *Griffin &
Griffin,* for appellant.

*McAulay & Meigs, Grady, Shumate & Velikanje,* and
*Ellis, Fletcher & Evans,* for respondents.

TOLMAN, J.—Having in mind and giving full effect
to all that has been said by this court in *Wooddy v.
Benton Water Co.,* 54 Wash. 124, 102 Pac. 1054, 132
Am. St. 1102; *McMillen v. Hillman,* 66 Wash. 27, 118
Pac. 903; *Fischer v. Hillman,* 68 Wash. 222, 122 Pac.
1016, 39 L. R. A. (N.S.) 1140; *Christensen v. Koch,* 85
Wash. 472, 148 Pac. 585; *Van Horn v. Chambers,* 89
Wash. 553, 154 Pac. 1084, and other like cases too
numerous to be cited, the questions here to be decided
are of fact only.

The plaintiff below sought by this action to set aside
and rescind a contract made by himself and his wife,
then living, by which they leased a certain eighty-acre

[1] Reported in 211 Pac. 763.

tract of land in Yakima county, Washington, to the defendant Reese B. Brown, and gave him an option to purchase the land for $7,000, at any time during the term of the lease. The trial court denied relief and dismissed the action with prejudice, after a trial on the merits, and the plaintiff has appealed.

The record is voluminous, and a complete statement showing the evidence upon which each side relied, or even a fair summary thereof, is impracticable, and anything less than a full statement might be misleading. It must, therefore, suffice to say that, after a most careful study, we are convinced that the evidence preponderates in support of respondent's theory that the purchase price fixed for the land by the option feature of the contract was fair and reasonable and all that the land was then worth. The evidence likewise preponderates in support of the theory that the leasing features of the contract were, in general, such as appellant had proposed and offered to enter into with others prior to the time when he first met Brown, and that they were reasonably fair to both parties. We can find nothing inequitable or unconscionable therein.

As to the possibility or probability of the government projects being so extended as to make water for the irrigation of this land available, and if so, when, appellant appears to have had as much knowledge and the same means of knowledge as had Brown.

The evidence is more evenly balanced upon the question of whether or not Brown made the representations charged as to his ability and purpose to prevent appellant from bringing water to the land, in the event that the lease and option contract was not executed in his favor. In fact, in number of witnesses upon this point, appellant had the advantage, but when all of the surrounding circumstances are given their full weight, and with the maxim "fraud is never presumed," in

mind, we cannot hold that the appellant has established this charge.

Having reached these conclusions, it is unnecessary to consider the remaining features of the case.

The judgment appealed from is affirmed.

PARKER, C. J., FULLERTON, and MAIN, JJ., concur.