[No. 19045.    Department Two.    September 1, 1925.]

MARGARET BLISS, *Respondent*, v. ANNA J. CLEBANCK, *Appellant*.[1]

VENDOR AND PURCHASER (60)—RESCISSION BY PURCHASER—FALSE REPRESENTATIONS—RELIANCE ON. There are misrepresentations of material facts, warranting a vendee's rescission of a sale of an apartment house, where she relied on misstatements as to the number of vacant rooms, the periods of vacancy, the amount and constancy of the business, the race of residents in the vicinity and the amount of the rents.

SAME (171)—RECOVERY OF PURCHASE MONEY—DEFENSES. It is no defense to a vendee's action for the recovery of the price paid on rescission of a sale induced by fraudulent representations that the property was worth the agreed price.

Appeal from a judgment of the superior court for King county, Truax, J., entered July 19, 1924, in favor of the plaintiff, in an action for rescission, tried to the court. Affirmed.

*Philip Tworoger*, for appellant.

*Ballard & Houghton* and *Harry Ellsworth Foster*, for respondent.

FULLERTON, J.—On October 23, 1923, the appellant, Anna J. Clebanck, and the respondent, Margaret Bliss, entered into a contract whereby the appellant agreed to sell, and the respondent agreed to purchase, a lot in the city of Seattle upon which there was an apartment house, together with certain of the furnishings

[1]Reported in 238 Pac. 979.

of the apartment house. The contract price agreed to be paid for the property was $51,000. Of this sum $5,500 was paid. By the terms of the contract the respondent was to be let into possession of the property on November 1, 1923. Prior to the last mentioned date, however, she conceived that she had been deceived as to the value of the property because of false representations concerning it made by the appellant as an inducement to its purchase. She thereupon demanded a rescission of the contract and demanded a return of the purchase money, tendering a quitclaim deed to the property and a cancellation of the contract. The appellant refused to recognize the respondent's right to rescind and refused to return the purchase money, whereupon the present action was instituted to enforce a rescission and recovery. The cause was tried to the court sitting without a jury, and resulted in a decree rescinding the contract, and a judgment for the purchase money paid.

The matters set up in the complaint and relied upon at the trial were: (1) misrepresentations as to the number of apartments that were vacant in the apartment house at the time of the contract, and misrepresentations as to the length of time the apartments conceded to be vacant had been so vacant; (2) misrepresentations as to the amount and constancy of business of the apartment house; (3) misrepresentations as to the race of the people residing in the vicinity of the apartment house; and (4) misrepresentations as to the amounts for which the several apartments in the house were renting.

It is the appellant's first contention that the evidence does not sustain these allegations. But we find in the record substantial evidence in support of each of them. There was evidence on the other side, it is true, but

the trial judge, who had the witnesses before him, found that the evidence preponderated in favor of the respondent, and our examination of it does not convince us that he reached an incorrect result.

The representations were of material facts, were within the knowledge of the vendor, were without the knowledge of the vendee, and were of such a nature that their truth or falsity could not be readily ascertained by the vendee. We have repeatedly held in such instances that a vendee is not guilty of such want of ordinary prudence and diligence as to forbid a recovery even if he made no independent investigation. On the contrary, we have held that ordinary prudence and diligence do not require a person to test the truth of representations made to him by another as of his own knowledge, and with the intent that they shall be acted upon, if the facts are peculiarly within the knowledge or means of knowledge of the person making them, although they are not exclusively so, and although the person to whom they are made may have an opportunity of ascertaining the truth for himself. *Stone v. Moody,* 41 Wash. 680, 84 Pac. 617; *Wooddy v. Benton Water Co.,* 54 Wash. 124, 102 Pac. 1054; *Bailie v. Parker,* 56 Wash. 353, 105 Pac. 834; *Lindsay v. Davidson,* 57 Wash. 517, 107 Pac. 514; *Best v. Offield,* 59 Wash. 466, 110 Pac. 17, 30 L. R. A. (N. S.) 55; *Mc-Millen v. Hillman,* 66 Wash. 27, 118 Pac. 903; *Becker v. Clark,* 83 Wash. 37, 145 Pac. 65; *Christensen v. Koch,* 85 Wash. 472, 148 Pac. 585; *Dieterich v. Rice,* 115 Wash. 365, 197 Pac. 1.

Nor is it a defense to show that the property was of the value the respondent agreed to pay for it. As was said in *Mather v. Barnes, Keighley & Greer,* 146 Fed. 1000:

''The general principles upon which a suit of this kind proceeds are too well settled to need the citation

of authorities. A misrepresentation with regard to material facts, by which a purchase of property is intentionally induced, amounts to a fraud which vitiates the transaction, and entitles the purchaser to be relieved. . . . Neither does it matter, if misrepresentations be proved, that the bargain, even so, was a good one, from which the purchaser is likely to sustain no loss. In an action of deceit, no doubt, this would be relevant on the question of damages, in order to show that there were none; . . . but not so upon a bill to rescind (*Hansen v. Allen,* 117 Wis. 61, 93 N. W. 805; *Clapp v. Greenlee,* 100 Iowa, 586, 69 N. W. 1049). The purchaser is entitled to the bargain which he supposed and was led to believe that he was getting, and is not to be put off with any other, however good."

Our conclusion is that the decree and judgment appealed from must be affirmed, and it is so ordered.

TOLMAN, C. J., HOLCOMB, and MAIN, JJ., concur.

MACKINTOSH, J. (dissenting)—As I read the testimony, it entitles the appellant to judgment.