[No. 33442. Department One. January 12, 1956.]

FRANK A. PETERSON *et al.*, *Respondents*, v. WILLIAM E. NEAL *et al.*, *Appellants.*[1]

*Tonkoff, Holst & Hopp*, for appellants.

*Walter V. Swanson* and *Douglas A. Wilson*, for respondents.

HILL, J.—This is an action by the purchasers for the rescission of the sale of a motel, on the ground of fraud, *i.e.*, misrepresentation as to what the motel had earned while

[1]Reported in 292 P. (2d) 358.

operated by the defendants, upon which the plaintiffs were entitled to and did rely.

The trial court found that the defendants had represented to the plaintiffs that the motel had realized as gross revenue for the year prior to November 12, 1953, the amount of six thousand dollars, and that that amount included fifty-·four hundred dollars realized during the ten months from January 1, 1953, to November 1, 1953; and further found that those representations were substantially and materially false and that the plaintiffs had a right of rescission based thereon when they discovered them to be false. The trial court concluded that all the elements of actionable fraud had been established and decreed a rescission. The defendants appeal. We shall refer to the parties as purchasers and sellers.

No assignment of error is directed against any of the findings of the trial court. It is the position of the sellers in this court that, conceding *arguendo* that they had made the representations found by the trial court, still the evidence establishes as a matter of law that the purchasers waived their right to rescind by ratifying or affirming the transaction after they had acquired knowledge of the fraud.

While conceding that ratification and waiver are affirmative defenses and should be pleaded, and that they were not specifically pleaded in this case, the sellers urge that we have held that, even when they are not pleaded, the trial court can consider evidence relative to acts which it finds constitute a waiver, if that evidence is received without objection. In such cases, the pleadings are to be deemed amended to conform to the evidence and the court will consider the issue of waiver. *Beaulaurier v. Washington State Hop Producers* (1941), 8 Wn. (2d) 79, 85, 111 P. (2d) 559.

We have found cases, like the *Beaulaurier* case, in which a finding of a waiver has been upheld although waiver had not been pleaded; but we have failed to find any case in which an appellate court has even considered the issue of waiver *where it had not been pleaded and the trial court had made no finding on it.*

■ The sellers' defense during the trial of this case was that they had not made the representations claimed. The trial court, however, decided that issue adversely to them. They also pleaded and made much of the shortcomings and failures of the purchasers as motel operators, which was immaterial if the sellers had made the representations as found by the trial court. See *Frahm v. Moore* (1932), 168 Wash. 212, 11 P. (2d) 593. And they made much of the amount and value of the labor and materials that had gone into the construction and equipping of the motel, which also was immaterial if they had made those representations. See *Bliss v. Clebanck* (1925), 136 Wash. 32, 238 Pac. 979. But if they had ratification and waiver in mind as defenses during the trial of the case, they approached those issues very casually. Had we read the pleadings and the statement of facts before we read the sellers' briefs on this appeal, we would not have known that ratification and waiver were being relied upon. The purchasers assert that they went through the entire trial and the post-trial motions without knowing it. The trial court made no mention of them in its memorandum opinion or in the findings of fact.

The sellers concede in their reply brief that the terms "ratification" and "waiver" were not used in the trial court, but urge that those words are merely conclusions, and that the evidence, supplemented by two comments of counsel as to the purpose for which certain evidence was offered, was sufficient to put the purchasers and the trial court on notice that those defenses were being raised. We cannot agree.

■ We hold that the record before us does not disclose that either the trial court or the purchasers were ever properly or adequately advised that the sellers were relying upon the defenses of ratification and waiver, and that the sellers are not entitled to urge them on this appeal.

If, however, those issues were properly before the trial court, they were issues of fact for determination by that court. *Bowman v. Webster* (1953), 42 Wn. (2d) 129, 134-5, 253 P. (2d) 934.

■ Counsel for the sellers urged in oral argument in this court that they could not compel the trial court to make

a finding on those issues. They were not, however, without a remedy had the issues been properly before the trial court. We have consistently held that trial courts must make findings on all material issues, and have many times directed them to make findings on issues which we deemed to be material. See *Bowman v. Webster, supra,* and the many cases there cited; see, also, *Garratt v. Dailey* (1955), 46 Wn. (2d) 197, 279 P. (2d) 1091.

The sellers, however, do not ask that the trial court be required to make findings on ratification and waiver, but urge that the evidence is so conclusive that we should hold that ratification and waiver were established as a matter of law. We shall consider that contention on the merits, although our holding that the issues of ratification and waiver were not properly or adequately presented to the trial court is itself decisive of the appeal.

■ The sellers cite a number of incidents and circumstances in support of their contention, but, to be evidence of ratification or affirmance of the contract for the purchase of the motel, those incidents and circumstances must have occurred subsequent to discovery of the fraud by the purchasers. See *Cunningham v. Studio Theatre* (1951), 38 Wn. (2d) 417, 425, 229 P. (2d) 890.

The Washington cases relied upon by the sellers (*Pearson v. Gullans* (1914), 81 Wash. 57, 142 Pac. 456; *Keylon v. Inch* (1934), 178 Wash. 522, 35 P. (2d) 73; *Central Life Assurance Soc. v. Impelmans* (1942), 13 Wn. (2d) 632, 126 P. (2d) 757; *Power v. Esarey* (1950), 37 Wn. (2d) 407, 224 P. (2d) 323) are readily distinguishable. They are, without exception, cases in which the acts which evidenced ratification and waiver occurred after the discovery of the falsity of the representations relied upon as the basis for rescission. The time of discovery of the misrepresentations was something that could be pinpointed, the misrepresentations relating to such matters as the amount of frontage on a highway, the condition of the property, the state of the title, and the amount of monthly rentals. In this case, the time of discovery of the misrepresentations is not something that can be pinpointed; it is practically a subjective matter—

a gradation from suspicion, doubt, and uncertainty to a certainty which warranted action. Even that certainty, under the circumstances here, was no more than reasonable certainty. Absolute certainty was impossible until the action was started and the sellers were compelled to produce their books and records showing their gross income for the year prior to November 12, 1953, and for the first ten months of 1953.

The purchasers had no proof as to the falsity of the representations on which the rescission was based, except the fact that their income from the operation of the motel in 1954 was considerably less than had been represented by the sellers as their income for the preceding year. Most of the potential patrons who passed the motel came through either of two mountain passes, one of which, usually closed during the winter months, was reopened later than usual in 1954, and the other of which was closed for substantial periods of time that year by slides. This made the lesser income in 1954 inconclusive as to the falsity of the sellers' representations as to their 1953 income. The purchasers testified that the sellers repeatedly told them, when they complained about business and the difficulty of making payments, that they should not be discouraged, that the best was yet to come.

The sellers refer several times in their briefs to a statement by one of the plaintiffs on the witness stand that "In February we knew the figures he told us weren't true." We certainly do not attach any considerable importance to that statement. What the purchasers knew in February was that the weekly rentals through two or three winter months did not amount to as much as the sellers had represented they were receiving at the time the purchasers took possession of the property in late November, 1953. The transient tourist business was recognized as seasonal, the season beginning in April or May, reaching a peak in August, and continuing into November. All of this season was still ahead when the February statement on which the sellers rely was made.

When, under these circumstances, can we say either as a matter of fact or as a matter of law that the purchasers knew or should have known that the representations upon which they had relied, *i.e.*, that the gross income was six thousand dollars for the year immediately preceding November 12, 1953, and fifty-four hundred dollars for the ten months from January 1, 1953, to November 1, 1953, were false?

We cannot say, and certainly we cannot say as a matter of law, that either of the two representations found by the trial court to have been relied upon was known or should have been known by the purchasers to be false in February, 1954; nor can we say that the purchasers knew or should have known those representations to be false in May and July, 1954, when they advertised the motel for sale, or when they paid taxes and spent money on the property in March, May, June, and July of that year. Indeed, it seems to us that the purchasers were warranted in "sticking it out" through August, supposedly (and actually) the peak month, and into September before concluding that, with all allowance for conditions in the passes, there was no plausible explanation for the marked difference between the income that they received from the motel operation and that which the sellers had represented they had received in the preceding year.

Ratification and waiver are ordinarily facts to be determined by the trial court, and that is the most that could be said in this case. We cannot, on the record before us, hold as a matter of law that the sellers established a defense of ratification or a defense of waiver. Judgment affirmed.

HAMLEY, C. J., SCHWELLENBACH, FINLEY, and DONWORTH, JJ., concur.