[No. 5838. Decided November 16, 1905.]

E. D. McMULLEN *et al., Respondents,* v. E. ROUSSEAU *et al., Appellants.*[1]

VENDOR AND PURCHASER—RESCISSION OF SALE FOR FRAUD—PARTIES. In an action for the cancellation of deeds for fraud, the party to whom the deed was made and who had conveyed to another, is a proper party defendant; nor could he complain of the joinder when no relief or costs were adjudged against him.

SAME—FALSE REPRESENTATIONS BY THIRD PARTY—PLEADING AND PROOF. In an action to cancel deeds for fraud, evidence of fraudulent representations made by a third party, who opened the negotiations on behalf of the defendant, which were afterwards repeated by the defendant, is admissible although not set forth in the complaint.

SAME—FALSE REPRESENTATIONS BY VENDEE—RIGHT TO RELY UPON INFORMATION NOT AT HAND. Where a conveyance of lands at a reduced price for the sum of $200, was secured through fraudulent representations to the effect that they were wanted for a mill site, that the defendant had three carloads of mill machinery on the way, and sufficient lumber to keep the mill running ten years, and would furnish the grantor firewood free, and give him employment in the mill, the grantor had a right to rely on the statements and was not at fault in failing to discover the fraud, in view of the small amount involved; since the means of ascertaining the truth was not at hand.

1Reported in 82 Pac. 883.

Appeal from a judgment of the superior court for Sno-
homish county, Yakey, J., entered. April 5, 1905, upon find-
ings in favor of the plaintiffs, after a trial on the merits
before the court without a jury, in an action to concel deeds
and rescind a sale of land.    Affirmed.

*Israel & Mackay,* for appellants.

*John W. Miller* and *M. J. McGuinness,* for respondents.

Rudkin, J.—There is no controversy over the material
facts in this case.  On and prior to the 22d day of Febru-
ary, 1904, the plaintiffs were the owners of a tract of land,
consisting of about one and one-half acres, in Ault's addi-
tion to South Snohomish, which the court below found to
be of the value of $262.50.   The defendants Happell and wife
owned an adjoining tract, and were desirous of acquiring the
land of the plaintiffs for less than it was worth, or at least
upon more favorable terms than they were willing to sell
the same.   Knowing that he could not acquire the land him-
self on satisfactory terms, the defendant Dan Happell em-
ployed the defendant Rousseau to acquire the land for him.
Soon after this a stranger called on the plaintiffs, and rep-
resented to them that he was looking for a site for a shingle
mill and box factory for himself and brother; that he and
his brother were experienced mill men, and had been in
the mill business for twenty years in the state of Michigan;
that his brother was a wealthy man, and was then on his
way from Michigan to this state, and would reach here in a
few days; that the land of the plaintiffs suited him as a mill
site; and that he desired to purchase the same from the plain-
tiffs for that purpose.

Soon after this, the defendant Rousseau called on the
plaintiffs and represented that he was the brother to whom
the stranger referred.   He repeated the representations there-
tofore made, and further represented that he had three car
loads of mill machinery on the way from Michigan; that he

wanted the plaintiffs' land as a site for a shingle mill and box factory, and if he could purchase the same at a low figure he would set men at work in the construction of the mill in a few days; that he had been offered a free mill site at Everett, but the plaintiffs' land suited him better; that he owned timber enough to keep the proposed mill running for ten years, and that he would furnish the plaintiffs all the fire wood they needed from the mill free of charge; and that he would give the plaintiff E. D. McMullen employment in the mill at good wages.

The plaintiffs at that time asked $350 for the land, but no sale was made. Thereafter the defendant Rousseau wrote the plaintiffs from Everett, offering $200 for the land, and the plaintiffs, relying on the representations theretofore made, accepted the offer. On the 22d day of February, 1904, a deed was executed and delivered to defendant Rousseau, and the $200 paid. Immediately thereafter the defendant Rousseau conveyed the land to the defendant Victoria Happell. As soon as the land was conveyed to the Happells, the plaintiffs discovered the fraud perpetrated upon them, and immediately tendered the $200 to the Happells and demanded a reconveyance of the property. The demand was not complied with, and the plaintiffs brought this action to set aside the deeds, and paid the $200 into court. The court below found the facts as above set forth, and entered a judgment cancelling the deeds on the ground of fraud. From that judgment the defendants appeal.

The first error assigned is that the appellant Rousseau was neither a necessary nor a proper party to the action. The relief asked was the cancellation of two deeds, in one of which this appellant was grantee, in the other grantor. He was therefore a proper party to the suit. Furthermore, he was in no manner affected by the decree, no costs were awarded against him, and he should not be heard to complain.

The second assignment relates to the admission of evidence tending to show the representations made by the stranger who first called on respondents. The particular objection is that such representations are not set forth or alleged in the complaint. While this is true, testimony as to these representations was simply explanatory of the representations made by the appellant Rousseau. In addition to this, the appellants in their proposed findings concede that the representations were made by Rousseau as alleged, and were false. The mere fact that they were also made by another could not affect the result.

The main contention of the appellants is that this case comes within the rule often announced by this court that, where the vendor and purchaser are dealing at arm's length, and where the subject-matter of the sale is at hand, the purchaser must protect himself and cannot rely upon representations made by the vendor. This rule is firmly established where the representations relate to the subject-matter of the sale which is at hand, or to other facts the truth of which may readily be ascertained by the exercise of ordinary care and prudence. But the converse of this rule is equally well established where the subject-matter of the sale is not at hand, so that the truth or falsity of the representations concerning it may be ascertained, or where the representations relate to facts within the knowledge of one of the parties, and the truth or falsity of such representations cannot be ascertained by the other party upon reasonable investigation or by the exercise of reasonable care and prudence. Such are the cases of *O'Connor v. Lighthizer,* 34 Wash. 152, 75 Pac. 643; *Mulholland v. Washington Match Co.,* 35 Wash. 315, 77 Pac. 497; *Stack v. Nolte,* 29 Wash. 188, 69 Pac. 753; and *Lawson v. Vernon,* 38 Wash. 422, 80 Pac. 559. In the last case cited this court said:

"But these cases are not in point [referring to the cases relied on by appellants]˙ in the case before us. Here the false representation was as to a material matter entirely

without the knowledge of the respondents. As it was shown that the ground had been left to overgrow with brush and trees, and that the stakes of the original survey were destroyed, it was hardly possible for the respondents to locate the lots; hence they must of necessity rely on the representations of some one. Because they chose to rely on the representations of the appellants, the appellants cannot be heard to assert, as a means of escaping liability for making such representations, that the respondents should have gone to some one less reckless in their statements."

Considering the small amount involved in the sale in question, and the nature of the representations made, it cannot be said that the respondents were at fault in not discovering the fraud prior to the sale.

There is no error in the record and the judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, ROOT, CROW, and DUNBAR, JJ., concur.