[No. 9197.   Department One.   April 14, 1911.]

E. R. WILSON *et al., Respondents,* v. G. H. CLARK, *Appellant.*[1]

DAMAGES—BREACH OF CONTRACT—SALE OF MORTGAGE. On a trade of property, in which the defendant agreed to assign a mortgage constituting a first lien on real estate, of the face and actual value of $658, which was received in lieu of so much money, the measure of damages for failure to assign the mortgage is the amount thereof, and not the difference between the actual value and the face value of a purported mortgage note for that sum, delivered at the time of the trade, but not mentioned in the contract or considered by the parties.

FRAUD—FALSE REPRESENTATIONS—RECORDS OF DISTANT STATE. In a trade of property, a party may rely on and recover damages for false representations that a mortgage included in the trade was a first lien on certain real estate in a distant state, without consulting the public records in such state.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered January 4, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for damages for fraud. Affirmed.

*O. B. Setters* and *A. H. Kenyon,* for appellant.

*A. E. Russell,* for respondents.

PARKER, J.—The plaintiffs commenced this action to recover the face value of a mortgage pretended to have been

[1]Reported in 114 Pac. 916.

owned by the defendant, which he agreed to assign to them in part payment of certain land purchased by him from them. Findings were made and judgment rendered in favor of the plaintiffs upon a trial before the court without a jury, from which the defendant has appealed.

The respondent E. R. Wilson entered into a contract with appellant, G. H. Clark, doing business as G. H. Clark & Co., as follows:

"This agreement, made this 26th day of February, 1908, between G. H. Clark & Co., parties of the first part, and E. R. Wilson, party of the second part. The party of the first part agrees to sign over to the party of the second part a certain mortgage of $658 and balance interest due, 3 horses, and 50 dollars in cash. The party of the second part agrees to deed over to G. H. Clark & Co., a certain tract of land containing 18½ acres legally described as  .  .  ."

In compliance with this contract, respondents executed a deed for their land, appellant delivered the horses, and paid the $50 in cash. For some reason he did not then make a formal assignment of the mortgage, but gave respondents a signed memoranda agreeing to assign the mortgage, in which memoranda there was described certain land in Tellar county, Colorado, claimed to be covered by the mortgage. At the same time he delivered to respondents a promissory note executed by one Lenone and wife to William Mason and W. H. Teel, upon which note there was apparently a balance of $658 unpaid. Appellant did not indorse this note. This note was probably intended to represent the debt which the mortgage was supposed to secure, though we can only infer such fact from the record. At that time appellant also delivered to respondents a certain purported assignment of a mortgage, which assignment was apparently executed by the payees of this note to appellant, and referred to a purported mortgage covering the same land in Colorado described in the memoranda.

The trial court found, "That at the time the negotiations were entered into, the said E. R. Wilson stated to said Clark

and his representatives that he knew nothing about the mortgage or its value, and relied upon their representations as to its value, and said Clark and his representatives thereupon represented to the plaintiffs that the said mortgage was a valid first lien mortgage and worth one hundred cents on the dollar, and the said plaintiffs, relying upon said representations by the said Clark, were induced to and did enter into the above negotiations and completed their part of the transaction." There never was any formal assignment of the mortgage delivered by appellant to respondents, though the same was demanded. No such mortgage can be found of record in Tellar county, Colorado, nor was any such mortgage offered in evidence in this case. Whether or not there ever was such a mortgage, we are not informed. No evidence was offered as to the value of the note, though it does appear that, after the transaction was closed, respondents looked up the makers of the note, who declined to pay interest thereon, and at least one of the makers denied liability thereon. The principal is not yet due. It is plain that respondents had no knowledge of the purported mortgage which was to be assigned to them, except what was told to respondent E. R. Wilson by appellant at the time of and prior to the making of the contract.

It is contended that the trial court's finding above quoted, as to representations made by appellant to respondents, is not supported by the evidence. A careful review of all the evidence convinces us that it is ample for that purpose. Its preponderance seems to us to be clearly in respondents' favor. We deem it unnecessary to discuss it in detail here.

It is contended that the measure of respondents' damages, if any they have suffered, is the difference between the actual value of the note and its face value. In view of the fact that the contract was to assign a mortgage of the face value of $658, with no mention in the contract of any note or personal obligation in connection therewith, and the evidence which clearly indicates that any personal obligation for the

amount supposed to be secured by the mortgage was not considered by the parties as constituting any part of the consideration respondents were receiving, it seems to us that, when respondents failed to get such a mortgage, they were damaged in that sum. It is apparent, not only from the face of the contract, but from the circumstances surrounding its making as shown by the evidence, that the respondents were not relying upon any personal obligation that might go with the mortgage, but relying entirely upon the procuring of a first lien upon real property. This they never received, and were therefore damaged in that sum. Some contention is made that they did not contract to receive this mortgage as for any particular sum, but we think it clear from the record that they were to receive it in lieu of $658 in money.

Some contention is made that since the representations made by appellant as to the mortgage were representations of facts, the truth or falsity of which would necessarily be shown by public records, that respondents were not entitled to wholly rely upon such representations. We think it clear, under the circumstances, that they were entitled to so rely. *Lawson v. Vernon*, 38 Wash. 422, 80 Pac. 559, 107 Am. St. 880; *McMullen v. Rousseau*, 40 Wash. 497, 82 Pac. 883; *Wooddy v. Benton Water Co.*, 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102.

We find no error in the record, and therefore affirm the judgment.

DUNBAR, C. J., MOUNT, GOSE, and FULLERTON, JJ., concur.