[No. 10471.   Department One.   December 27, 1912.]

## J. W. KLEEB, *Appellant*, v. A. J. McINTURFF *et al.*, *Respondents.*[1]

TRIAL—RIGHT TO OPEN AND CLOSE—DAMAGES—EVIDENCE—BURDEN OF PROOF.  Where the only issue on a counterclaim was the defendants' measure of damages in the sale of a horse, to be determined by the difference between the price paid and its actual value, the burden of proof is upon the defendants, with the right to open and close.

APPEAL—DECISION—REMAND—EFFECT—ISSUES ON SECOND TRIAL. In an action for rescission of a trade of land for a horse, on a second trial the issue is properly restricted to the single issue as to the value of the horse, where, on appeal, the supreme court remanded the case for determination of that question only; and evidence as to the value of the land is properly excluded.

INTEREST—INSUFFICIENT TENDER.  Where a tender was insufficient in amount, interest is recoverable on the amount due.

TENDER—DEPOSIT WITHOUT AUTHORITY.  Where plaintiff in an action for specific performance did not tender the full amount due to defendants, but deposited the same with a third party without authority from the defendants, such person is plaintiff's agent, and judgment for the deposit is properly given against the plaintiff, in case the agent fails to pay over the money.

Appeal by plaintiff from a judgment of the superior court for Franklin county, Holcomb, J., entered January 4, 1912, upon the verdict of a jury rendered in favor of the defendants on a counterclaim, in an action for specific performance. Affirmed.

*Chas. E. Miller* and *Herman Murray*, for appellant.

*H. B. Noland* and *Moulton & Henderson*, for respondents.

CROW, J.—This action, brought to compel specific performance of a contract for the sale of real estate, has heretofore been in this court (*Kleeb v. McInturff*, 62 Wash. 508, 114 Pac. 184, 116 Pac. 627), and a statement of the issues may be found in our former opinion.   We then said:

[1]Reported in 128 Pac. 1076.

"The defendants did not offer to rescind upon discovering that the horse was not a registered one, but seek to retain the horse and recover damages. We think they may rightfully do this, and that their measure of damages is the difference between $1,500, which they paid for the horse, and the actual value of the horse at the time of the contract. The cause is remanded to the lower court to determine this question, and to enter a decree accordingly."

The law of the case was then settled, and the only issue to be tried after remittitur was the difference between $1,500, and the actual value of the horse at the date of the contract. Upon the trial of this issue, a verdict was returned, fixing the value at $675. Thereupon judgment was entered in favor of the defendants McInturff for $825, as damages. The amended complaint alleged, and it is conceded, that prior to the first trial, the plaintiff tendered $320.37 in cash to the defendants McInturff and wife, in full payment of the remainder of purchase money for the land; that plaintiff then demanded possession of the deed, which had been deposited with the defendant W. T. Anderson; that the defendants McInturff and wife refused the tender, and that thereupon the plaintiff deposited the $320.37 with Mr. Anderson, to be paid to McInturff and wife upon delivery of the deed to plaintiff. At the time of the last trial, the money thus deposited was still in Anderson's possession, although then due the defendants, and in the final judgment the trial court, in addition to awarding $825 as damages, further ordered:

"That the defendant W. T. Anderson forthwith pay into Court the amount of money deposited in his hands by the plaintiff, J. W. Kleeb, amounting to the sum of Three Hundred and Twenty and 37-100 ($320.37) Dollars, and in the event of the failure of the defendant, W. T. Anderson, so to do, judgment shall be entered against plaintiff J. W. Kleeb, for the said sum of Three Hundred Twenty and 37-100 ($320.37) Dollars. That the defendants McInturff have judgment against plaintiff, J. W. Kleeb, in the premises for interest on the sum of Three Hundred and Twenty and

37-100 ($320.37) Dollars from and after December 1st,
1908, to the date of this order, at 7% per annum."

From the final judgment thus entered, the plaintiff has ap-
pealed.

After remittitur, the only question to be tried was the value
of the horse, in order that defendants' damages, if any,
might be determined. Appellant's first contention is, that
the trial judge erred in holding that respondents McInturff
and wife had the burden of proof, and were entitled to open
and close the case. In the absence of any evidence, the agreed
price of the horse would be accepted as its true value, and no
judgment for damages to respondents could have been
awarded. It was necessary for respondents to introduce
evidence of the value of the horse in support of their claim
for damages. This being true, the burden of proof was upon
them.

Appellant further contends that the trial court, in ruling
on the admissibility of evidence and in instructions given and
refused, erred in the measure of damages adopted; that, as a
trade for the land was being made, evidence should have been
admitted to show the actual value of the land, and that if it
could be made to appear that $3,300, the agreed price, was
excessive, that fact should be considered in measuring any
damages the respondents might have sustained. There is no
merit in this contention. The trial judge properly restricted
the evidence to the value of the horse, as directed by this
court.

Appellant further contends that no judgment should have
been entered against him for the $320.37 deposited with the
defendant Anderson. In view of the damages proven, it is
manifest that appellant did not tender the entire amount
then due. When he deposited the $320.37 with Anderson, he
did so without authority from respondents. Anderson then
became appellant's agent or depositary and should he fail to
pay the money to respondents as ordered, they would be en-

titled to judgment against appellant therefor.   They are also
entitled to recover interest as ordered.

'Other assignments of error we find to be without merit.
The only issue to be determined, on the last trial, the value of
the horse, was fairly tried without error.

The judgment is affirmed.

Mount, C. J., Gose, Chadwick, and Parker, JJ., concur.