[No. 13610. Department Two. January 26, 1917.]

S. C. DAVIS, *Respondent*, v. MASONIC PROTECTIVE
ASSOCIATION, *Appellant*.[1]

FRAUD—MISREPRESENTATIONS—LIABILITY. The evidence is insuf-
ficient to support a finding of fraud in inducing plaintiff to come to
the state of Washington to solicit insurance as state agent of the
Masonic Protective Association, which was contrary to the laws of
the order, where there were no false statements of fact; since the
plaintiff, being a Mason, was presumed to know the rules of the or-
der, and the representation that he could make big money by coming
to the state was clearly an expression of opinion.

Appeal from a judgment of the superior court for King
county, Frater, J., entered March 6, 1916, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
fraud. Reversed.

*John W. Roberts, George L. Spirk*, and *J. L. Runner,*
for appellant.

*John W. Heal, Jr.*, and *Max Wardall*, for respondent.

[1]Reported in 162 Pac. 516.

MOUNT, J.—This action was brought to recover damages against the defendant by reason of deceit used, inducing the plaintiff to come from Kansas to the state of Washington.

The complaint, after alleging the corporate character of the defendant, and that the plaintiff at that time lived at Newton, Kansas, states, at paragraph four, as follows:

"IV.    That in the early part of June, 1915, defendant, through its officers, agents and representatives represented to said plaintiff that said defendant had recently been licensed to do business in the state of Washington; that said field was new and unworked territory of said defendant and that plaintiff could make big money by moving to Washington and becoming state agent there for said defendant and by such representations induced plaintiff to give up his business in the state of Kansas and appointed him state agent for the state of Washington with full and exclusive authority to write insurance and represent said defendant in said state."

The next paragraph alleges that the plaintiff sold his residence in Newton at a loss of $400, and came to the state of Washington in September, 1915.

Paragraph six is as follows:

"VI.    That a short time after his arrival in Washington and after he had located and settled his family in Seattle, and while doing some preliminary work as said state agent for defendant, plaintiff was notified through the Grand Master of the Grand Lodge of Free and Accepted Masons of the state of Washington that he was barred from soliciting insurance for the Masonic Protective Association, defendant, herein, and should cease to do so forthwith; that by the rules and regulations governing the Masonic bodies and members of the Masonic fraternity of the state of Washington, the use of the word "Masonic" in connection with any business enterprise was prohibited and that defendant therefore could not solicit insurance from Masons residing in the state of Washington, all of which aforesaid prohibitions, defendant, its agents, officers and representatives well knew or in the exercise of reasonable caution should have

known at the time it induced plaintiff to give up his business and home in Kansas and move his family to Seattle to become its state agent."

The next paragraph is as follows:

"That the representations set forth in Paragraph IV were false and at the time the same were made said defendant, its agents and representatives knew, or in the exercise of reasonable prudence and caution should have known, that said representations were false; that plaintiff did not know and had no means of knowing that said facts were not as represented, but wholly relied and was expected by defendant to rely upon said statements and representations of defendant, its agents and representatives as to the conditions obtaining in the state of Washington."

The next paragraph of the complaint alleges certain expenses incurred by the plaintiff in moving to the state of Washington, and prays for judgment: First, for loss in selling his home, $400; expenses of moving from Kansas to Washington, $325; living and traveling expenses while in the state of Washington, $200; cost of returning to Kansas, $400; loss of time and health, humiliation, disruption of business and home, $2,500, with costs and disbursements.

In answer to this complaint, the defendant admitted its corporate capacity; admitted that the plaintiff resided in the town of Newton, Kansas, and had solicited insurance for the defendant in that vicinity, but denied every other allegation in the complaint. Upon these issues, the cause was tried to the court and a jury, and a verdict was rendered in favor of the plaintiff for $1,500, and judgment finally entered thereon. The defendant has appealed.

At the conclusion of the respondent's evidence, which was substantially as alleged in the complaint above quoted, the appellant moved for a directed verdict. This motion was denied. We think the motion should have been granted. It appears from the evidence of the respondent that he had been soliciting health and accident insurance in the state of Kansas for an agent of the defendant; that he was a sub-

agent in that state; that he at one time met the superintendent of agencies of the appellant company, and was asked if he would like to go to Washington to take the general agency of this state. The superintendent of agencies, at that time, told him there was a big, new territory out there, which had never been worked, and they had picked him to go to that state, and that he could make big money out there. The respondent, in reply to this, stated that he would think the matter over, and subsequently wrote a letter to the agent, as follows:

"Mr. Le Roy Darnold,                        Newton Kas.
  "Western Field Mgr.,                      May 14, 1915.
      "Kansas City, Mo.

"Dear Sir and Brother:—In our conversation while in your office a short time ago you mentioned the fact that the state of Wash. was open and that I could have the state agency, and after due consideration have concluded to accept it, provided I can make satisfactory arrangements to all concerned, so would ask you to state what commission I would receive also any other information you care to give concerning the matter.

"At the present time I am unable to say just how soon would be ready to go as I have some property to dispose of and other matters which will necessarily take a little time.

"It is my intention to drive thru in a car and pick up business on the way.

"Trusting I may hear from you soon I am—Yours Fraternally                                S. C. Davis"

In answer, Mr. Darnold wrote a letter, dated June 16, 1915, to Mr. Davis, as follows:

"Dear Sir and Bro:—I am pleased to note by yours of the 14th inst., that you have decided to take up our work in the state of Washington, and in the meantime we will try to meet and have a talk on the work in general, and fit you out with a full line of supplies.

"We have a special proposition on that state, will allow you the entire policy fees on all business you write personally, and the difference between your contract and what you allow all your sub agents. The policy fee is $5 on the $12

policy, and $6 on the Sterling policy, and with this kind of a contract a man ort to make big money in that territory, and if he can't, he had better give up the insurance business, don't you think so?

"I am very busy today, as I have a number of claims on hand, however, before you leave we will get together, so keep in touch with me, I am

"Fraternally yours,
"LeRoy Darnold,
"Western Field Mgr."

After receiving this letter, the respondent sold some property in Newton, and came to this state. After he had been here a short time, he was informed that there was a rule of the Masonic Order in this state, as follows:

"No Mason shall exhibit any Masonic emblem upon any sign, flag or banner except in a Masonic procession, or upon any place of business or business advertisement; or use any such emblem or the words 'Masonic' or 'Masonry' in connection with any business enterprise except the publication of books, magazines or other literature."

He was also informed that, if he solicited business for the appellant in this state, he would be expelled from the order. The respondent thereupon quit, and demanded from the appellant the damages which he claims. The theory of the respondent is that he is entitled to recover by reason of deceit practiced upon him in inducing him to come to this state and appointing him as a general agent to solicit insurance within this state. It will be noticed that the only allegations of representations which induced the respondent to come to this state, which are alleged to be false, are: First, that the appellant had been recently licensed to do business in the state of Washington; second, that the field was new and unworked territory; and third, that respondent could make big money by coming to Washington and becoming state agent. The proof offered by the respondent showed that the appellant had been regularly licensed by the insurance commissioner to do business in this state. The first

representation was, therefore, true. The representation that respondent could make big money was clearly an expression of opinion, and nothing more. There was some evidence to the effect that other agents had been employed in this state, but none were authorized to do business for the appellant at the time the respondent was employed.

The respondent's case is mainly rested upon the position that appellant's officers should have known, and should have stated to the respondent, that he was not authorized to solicit business in this state, because he was a Mason, and the Masonic Order would not permit the use of the word "Masonic" in the solicitation of this class of business by a Mason. There is no allegation that any representation upon this subject was made to the respondent to induce him to come here, and there was no proof to that effect. The respondent himself was a Mason. He, of course, was presumed to know Masonic rules. When he learned of the rule, he thereupon refused to further solicit business. It is not claimed that the laws of the state prohibited the appellant from doing business, or prohibited the solicitation of business, but it is claimed that the rules of the Masonic Order in this state prohibited a Mason from using the word "Masonic" in any business, and therefore the respondent was prohibited from soliciting business. Since nothing was said, at the time of the employment, about the right of the appellant to solicit business in this state, under the rule of the order within the state, it cannot be said that this was a false or fraudulent representation, inducing the respondent to come to this state. Upon the whole record, we are satisfied that the respondent desired to come to this state. He desired to be appointed general agent of the appellant company in this state. He was given this appointment upon his own solicitation. He took his chances in coming to this state, and when he came here and found that the members of the order would not permit him to solicit business, by reason of the use of the word "Masonic," he quit his contract. Neither

the complaint nor the evidence shows a cause of action for deceit, and for that reason, the court should have directed a verdict in favor of the appellant.

The judgment appealed from is therefore reversed, and the cause ordered dismissed.

MORRIS, HOLCOMB, FULLERTON, and PARKER, JJ., concur.