[No. 17280. Department One. December 5, 1922.]

## Viola M. Flint *et al., Appellants,* v. Owl Land & Investment Company, *Respondent.*[1]

Fraud (5)—Misrepresentations—Existing Facts. False representations inducing the purchase of a lot in a residential section, that all the lots were subject to building restrictions of not less than $2,500, are actionable representations of matters of existing fact, and not merely of proposed future action.

Evidence (167)—Parol to Vary Writing — Fraud — Prior Contemporaneous Agreements—Merger. In an action for fraud inducing a sale of a lot for residential purposes by false representations that all the lots were subject to building restrictions, the oral representations are admissible notwithstanding the deal was consummated by a deed which was silent on the subject; the doctrine of merger of the prior negotiations not applying in the case of fraud.

Evidence (88)—Fraud (18)—Admissions of Parties of Record—Admissibility. In an action for fraud inducing the sale of residential lots through false representations as to building restrictions, admissions of the defendant that there were no restrictions are admissible under a denial of the allegations in the complaint that the lot was sold under building restrictions.

Same. In such a case, where there were representations that all lots were sixty-foot front, evidence is admissible that, after the sale to plaintiff, defendant replatted adjoining and surrounding property in forty-foot lots.

Evidence (60)—Fraud (18)—Other Transactions—Admissibility. In such an action, evidence that other persons purchased lots of the defendant in reliance on the same representations as made to plaintiff is immaterial and irrelevant.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 16, 1922, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action for fraud. Reversed.

*E. P. Donnelly,* for appellants.

*J. L. Corrigan* and *Million & Houser,* for respondent.

[1] Reported in 210 Pac. 811.

MITCHELL, J.—This is a plain action at law for damages for fraud and deceit claimed to have been practiced upon the appellants, plaintiffs, by the respondent, defendant, in connection with the sale to appellants by the respondent of real property in King county, described as follows: "Lot 9, block 27, Second Addition to Union City by H. L. Pike. According to the plat thereof on file with the auditor of King county, Washington." The case was tried to a jury, and at the conclusion of the testimony on behalf of the appellants, the trial court directed a verdict for the respondent. The appeal is from a judgment on the verdict.

Briefly stated, the evidence showed that appellants, seeking a desirable location to build a substantial home, fell into the hands of the respondent corporation, which, through its agents and newspaper advertisements, represented that it was the owner of the addition, platted into lots, blocks and streets, all of which was subject to building restrictions, and that the lots as platted were sixty by one hundred feet and were to remain so. Appellant stated to the respondent that he wanted to build a good home and wanted to be sure the restrictions were on the property. Respondent answered "You don't need to worry. This is going to be a good district, there will be no apartment houses or stores or offensive buildings, but just a purely residential district as were advertised." It was further stated and represented that there was twenty-five hundred dollars building restrictions on all the plat.

The advertisements referred to and used by the parties at the time of the negotiations were "building restrictions not less than $2,500." Appellant examined the property and entered into an agreement to purchase the lot for the sum of $800, relying on the representations made, without which he said he would not have purchased. He paid $10 and took a deposit

receipt therefor signed by the respondent wherein it was stated additional payment sufficient to make one-fourth of the total price should be paid within a specified time, "balance six, twelve and eighteen months with interest at seven per cent, payable semi-annually. Proper building restrictions on homes not to cost less than $2,500." Thereafter a formal real estate contract was entered into between the parties reciting $800 consideration, $200 of which were paid, and the remainder payable in installments of $200 each six, twelve and eighteen months after date, with interest. This contract provided that the deed should "contain the restrictions and limitations on the back, and in the duplicate contract this day signed by the parties of the first and second part." The duplicate contract contained no such statement, concerning which the respondent told the appellants to preserve their deposit or earnest money receipt and keep it with the contract, that it contained the restrictions. Nor did the deed finally delivered contain any such recital, the appellant testifying that he still relied on respondent's statement that the terms of the written receipt protected him. The formal real estate contract gave the purchasers immediate possession of the property, under which they took possession and commenced the building of a residence that cost approximately $9,000. About $1,200 had been expended in the construction of the residence at the date of the payment of the last installment of the purchase price. They continued work on the residence, and when it was nearly completed—having material and being under contract for final completion—appellants observed the erection of a "shack" on the property adjoining theirs. Thereupon, on complaint and further inquiry, respondent informed the appellants that there were no building restrictions on any of the property.

Assignments of error one and two call in question the direction by the court of the verdict and the judgment thereon. Relying upon such cases as *Tacoma v. Tacoma Light & Water Co.,* 16 Wash. 288, 47 Pac. 738, and *Stewart v. Larkin,* 74 Wash. 681, 134 Pac. 186, L. R. A. 1916B 1069, it is contended on behalf of the respondent that the representations relied on show only what the respondent proposed to do in the future; that they did not relate to a past transaction nor contain a statement of an existing fact, and that therefore an action for fraud cannot be predicated on them. We think the argument is not justified. The jury could readily believe that the representations were of existing facts; indeed, necessarily so. The property was in a district represented to be already impressed with the restrictions enumerated in the representations. Upon this question the appellate division of the supreme court of New York, in the case of *Bimson v. Bultman,* 3 App. Div. 198, 38 N. Y. Supp. 209, said:

"The statements upon the map circulated by the improvement company, and upon the signs upon the property, and which were repeated by the officers of the company to Eierman and Bischoff, were that the entire tract of land was restricted, and that all buildings erected thereon must be of brick or stone. This was a representation of an existing fact relating to the property, of the same character as a representation as to a dividing line or a boundary of land conveyed."

On the other hand, from statements of the trial court in disposing of questions of evidence, and remarks upon granting respondent's motion for a directed verdict, it appears that the trial court concluded that all prior and contemporaneous oral agreements and representations between the parties became merged in the formal written real estate contract and deed subsequently delivered, and that, as they were silent upon

the subject of any restrictions upon the property, the plaintiffs are not entitled to prevail. The thought overlooks the true distinction. The rule or doctrine of merger "is in effect a statement, in different form, of the rule excluding evidence of prior or contemporaneous oral agreements to contradict or modify the written contract, based on the presumption that, *in the absence of accident, fraud, or mistake,* the whole agreement of the parties is expressed in the writing." 13 C. J. 597, § 616. But this suit is not upon either the formal real estate contract or the deed, nor for a breach of either of them. It is an action for fraud and deceit that led to the purchase represented by the resulting written contract and deed. There is proof in support of alleged representations made concerning the property for the purpose of inducing the appellants to enter into the contract and take the deed, known to be false by the respondent at the time they were made, that the appellants relied on and were induced thereby to make purchase. *Dieterich v. Rice,* 115 Wash. 365, 197 Pac. 1. Hence the rule stated in *Schroeder v. Hotel Commercial Co.,* 84 Wash. 685, 147 Pac. 417:

"The issue of inducing fraud, thus present, opened the door to parol testimony as to the whole transaction, regardless of the fact that the resulting contract was in writing."

There was evidence of substantial damage to the appellants and, in our opinion, the case should not have been taken from the judgment of the jury by means of a directed verdict.

Under the law applicable to the case, as we view it, the court erroneously excluded evidence of subsequent admissions of the respondent to persons other than appellants to the effect that the property was not subject to building restrictions. In the complaint, among

other things, it was alleged "that in truth and in fact the property surrounding plaintiffs' said lot was not subject to building restrictions." That allegation was denied by respondent's answer, and certainly final admissions of the respondent that there were no building restrictions upon the property were proper to sustain that allegation of the complaint. It appears that the appellant had already testified to such admission, but other proof was admissible as corroborative of that given by him. Also the court should have allowed testimony offered to the effect that, after the sale to the appellants, the respondent replatted or subdivided some of the adjoining and surrounding lots into forty feet lots, since the representations were that, as a good residential district, the lots were sixty feet front.

It is assigned as error also that the court refused to allow a third person to testify concerning representations made by the respondent to the appellants as to the building restrictions at the time the appellants were engaged in buying their lot, the witness being present at the time they were made. The record shows, however, that immediately that witness was permitted to testify upon that subject. The offer to prove that some one else had purchased lots in the addition relying on representations that there were building restrictions was, in our opinion, properly rejected. It was both immaterial and irrelevant.

For the reasons mentioned, the judgment is reversed with directions to set aside the directed verdict and grant a new trial.

PARKER, C. J., BRIDGES, and MACKINTOSH, JJ., concur.