[No. 20684. Department Two. December 6, 1927.]

MRS. D. Z. PENNEY, *Appellant,* v. HANS PEDERSON *et al., Respondents.*[1]

[1] FRAUD (16)—PLEADING—FALSITY AND KNOWLEDGE THEREOF. A complaint in an action for fraud in misrepresenting the condition of the walls and roof of a building is demurrable where there is no allegation that the defective condition could not have been discovered upon reasonable investigation or by the exercise of reasonable care and prudence.

[2] SAME (4)—FRAUDULENT REPRESENTATIONS—MATTERS OF FACT OR OPINION. False representation as to the amount that apartments could be rented for in the future is not as to a then existing fact, but only as to a matter of opinion, and is not an actionable fraud.

Appeal from a judgment of the superior court for King county, Hall, J., entered January 10, 1927, in an action for fraud, upon granting a nonsuit, after a trial before a jury. Affirmed.

*John F. Dore* and *F. C. Reagan,* for appellant.
*Tucker, Hyland & Elvidge,* for respondents.

MAIN, J.—The plaintiff brought this action to recover damages for fraud, by which, it is alleged, she

[1]Reported in 261 Pac. 636.

was induced to sign a lease to an apartment house. The cause came on for trial before the court and a jury. At the conclusion of the evidence the defendants challenged the legal sufficiency thereof and moved that the case be withdrawn from the jury. This motion was sustained and, from the judgment dismissing the action, the plaintiff appeals.

The facts are these: The respondents were the owners of an apartment house in the city of Seattle known as the Ellene Apartments. On the 4th day of December, 1924, they leased the building to the appellant for a period of seven years from and after the first day of January, 1925. The rent reserved was $2,300 per month. At the time of the execution of the lease, the appellant paid $6,900, which was to be applied on the rent for the last three months of the term. The appellant entered into possession and continued in possession until the fifth day of January, 1926. The enterprise had not been a successful one, and the respondents had brought an action against the appellant for delinquent rent and for possession, if the rent was not paid. The appellant transferred to the respondents the furniture which she had placed in the building, in payment of the back rent, and vacated as above stated. The building contained seventy-five apartments and, at the time the lease was executed, the apartments were unfurnished, with the exception of hall and stair carpets, electric ranges and linoleum on the floors of the kitchens. The appellant, after taking possession, furnished forty-nine of the apartments. After the appellant had transferred the furniture to the respondents and surrendered possession, she brought this action, claiming, as stated, that fraud had been practiced upon her in inducing her to enter into the lease.

The complaint was drawn with the view of charging fraud in two respects: First, that there had been a

misrepresentation as to the condition of the walls, foundation and roof of the building; and second, that there had been a misrepresentation as to the reasonable value of, or rent, which the apartments were paying at the time. In connection with the former allegation, the result of the defective construction was stated. There was no allegation that the defective construction could not have been ascertained by the appellant upon reasonable investigation or by the exercise of reasonable care and prudence. To the first amended complaint, in which the allegations stated were contained, the respondents directed a motion to strike that portion relative to the defective construction of the foundation, walls and roof of the building and the resultant effect thereof. This motion was sustained, and the second amended complaint was filed, which was like the first except that the allegations referred to were eliminated. The motion directed against the pleading, while in form one to strike, was in effect a demurrer to that particular charge of fraud. The appellant, after the ruling of the trial court granting the motion, did not ask leave to amend in order that she might amplify her allegations, but apparently was content to stand upon the allegation as made.

[1] The first question is, whether the court erred in granting the motion to strike. It is a general rule that a tenant takes the premises as he finds them and that there is no implied warranty on the landlord's part that they are safe, or even fit, for the purpose for which they are rented, unless there is an express contract covering the matter. One of the exceptions to this rule, however, is that, even though the subject-matter of the sale or lease is at hand, if the false representations relate to facts peculiarly within the knowledge of one of the parties, and the truth or falsity of such representations cannot be ascertained

by the other party upon reasonable investigation the rule of *caveat emptor* does not apply. In *McMullen v. Rousseau*, 40 Wash. 497, 82 Pac. 883, it was said:

"The main contention of the appellants is that this case comes within the rule often announced by this court that, where the vendor and purchaser are dealing at arm's length, and where the subject-matter of the sale is at hand, the purchaser must protect himself and cannot rely upon representations made by the vendor. This rule is firmly established where the representations relate to the subject-matter of the sale which is at hand, or to other facts the truth of which may readily be ascertained by the exercise of ordinary care and prudence. But the converse of this rule is equally well established where the subject-matter of the sale is not at hand, so that the truth or falsity of the representations concerning it may be ascertained, or where the representations relate to facts within the knowledge of one of the parties, and the truth or falsity of such representations cannot be ascertained by the other party upon reasonable investigation or by the exercise of reasonable care and prudence [Citing authorities]."

In *Howard v. Washington Water Power Co.*, 75 Wash. 255, 134 Pac. 927, 52 L. R. A. (N. S.) 578, the court quotes with approval from 3 Shearman & Redfield, Negligence (6th ed.), § 709, to the same effect.

In the present case, as stated, there was no allegation that the defective construction could not have been ascertained by the appellant upon reasonable investigation or by the exercise of reasonable care and prudence. Without this allegation, under the authorities cited, actionable fraud in this respect was not charged, and for this reason there was no error in the ruling of the trial court upon the pleading.

In the case of *Wimmer v. Parsons*, 141 Wash. 422, 251 Pac. 868, there was, as stated in the opinion, an allegation in the complaint in that case that the defective structure and materials were "undiscoverable upon

such examination as was allowed her by the agent."
That case is therefore differentiated from the one now
before us. The case of *West v. Hoffman,* 139 Wash. 13,
245 Pac. 419, is likewise based upon facts which are
essentially different.

[2] The second and principal question is, whether
there was false representation as to the revenue which
the various apartments were producing at the time the
lease was entered into. Before signing the lease, the
appellant was presented by the respondent Hans Ped-
erson with a statement or list of the apartments, with
a sum set opposite each which would indicate the rental
value. The complaint, in this respect, is drawn upon
the theory that Pederson, at the time, represented that
the statement showed the rent which was then being
received per month for the various apartments. The
respondents contend that the representation was as to
what the apartments would bring after the appellant
had entered into possession and had furnished the same
or some of them. If the representation was to the
effect that the apartments were then bringing the
rental indicated by the statement and if this were un-
true, it would furnish a basis for liability for fraud.
*Hahn v. Brickell,* 135 Wash. 189, 237 Pac. 305; *Bliss v.
Clebanck,* 136 Wash. 32, 238 Pac. 979. On the other
hand, if the representation was what the apartments
would bring after the appellant took possession, this
would be only a matter of opinion and, if untrue,
would not be actionable. *Stewart v. Larkin,* 74 Wash.
681, 134 Pac. 186, L. R. A. 1916B 1069; *Davis v. Ma-
sonic Protective Ass'n,* 94 Wash. 406, 162 Pac. 516;
*Community State Bank v. Day,* 126 Wash. 687, 219
Pac. 43.

Turning now to the evidence offered by the appellant
to determine what the representation actually was, we
find no evidence from which it can be inferred that the

representation made by Pederson was as to the rent that the apartments were then producing, but that the representation was as to what they would produce to the appellant. This is made clear by the evidence of the appellant herself. Upon direct examination, she testified with reference to the statement:

"Q. Did you act upon this statement, Mrs. Penney? A. Yes, sir. Q. Did you believe it was true, did you believe that these figures were true? A. Certainly. Q. And you believed that you could make a profit? A. Yes. Q. Did you rely on Mr. Pederson's statement also that you could make a profit? A. Yes, sir."

Upon cross-examination she testified:

"Q. Well, isn't this what Pederson told you, that this is the schedule of rents that he had marked down that he expected to get for those apartments when he rented them? A. He said that is what he could get. Q. What you could get? A. Yes, sir."

The daughter of the appellant testified to the same effect. The evidence being to the effect that the false representation was as to what the apartments would bring in the future, and not as to a then present fact, the trial court did not err in taking the case from the jury.

The judgment will be affirmed.

MACKINTOSH, C. J., HOLCOMB, ASKREN, and FULLERTON, JJ., concur.