[No. 24074. Department One. December 20, 1932.]

MONO SERVICE COMPANY, *Appellant,* v. R. C. KURTZ *et al., Respondents.*[1]

[1]Reported in 17 P. (2d) 29.

540

*Louis A. Merrick* and *Coleman & Fogarty*, for appellant.

*Williams & Davis* and *Thos. A. Stiger*, for respondents.

Tolman, C. J.—Appellant, as plaintiff, sued to recover for the purchase price of merchandise sold and delivered. Defendants counterclaimed on the issue of misrepresentation and fraud. The action was tried to a jury, which rendered a verdict in favor of the defendants in the sum of $2,582.91. From a judgment on the verdict the plaintiff has appealed.

The complaint charges:

"That between the 16th day of July, 1930, and the 27th day of August, 1930, at the city of Newark in the state of New Jersey plaintiff sold and delivered to defendants, goods, wares and merchandise of the reasonable and agreed value of $3,994.29, which sum defendants promised plaintiff to pay forthwith therefor. That no part or portion of said sum has ever been paid, save the sum of $2,000, and there is now past due, owing and unpaid from defendants to plaintiff for and on account of said goods, wares and merchandise so as aforesaid sold and delivered, the sum of $1,994.29, which sum or any part thereof defendants fail, neglect

and refuse to pay, although demand of payment therefor has been frequently made.''

The answer admitted that, between July 16 and August 27, 1930:

''Plaintiff delivered to defendants goods, wares and merchandise of the alleged value of $3,994.29, but deny the allegations that the same were sold in the city of Newark, state of New Jersey, and deny that the reasonable and agreed value thereof was as alleged in the complaint or at all and deny that the defendants promised to pay therefor. Admit the payment of the sum of $2,000 as alleged in the complaint; deny that the sum of $1,994.29 with interest or any sum whatever is due and owing plaintiff from defendants, and deny that demand therefor has been made.''

An affirmative answer and counterclaim on the part of the defendants followed, presenting the issues of misrepresentation and fraud practiced by the plaintiff in procuring the written order for the sale of the merchandise in question, claiming damages, praying that plaintiff take nothing by its action, and that the defendants recover their damages in the sum of $8,905.22.

The reply denied the material allegations of the affirmative answer and counterclaim.

On these issues, the trial court ruled that the burden of proof was on the defendants and permitted them to open and close. This ruling is assigned as error. It is true that there were some formal denials of certain allegations contained in the complaint. The only denials pointed out or which we have observed are, (1) a denial that the merchandise was sold at the city of Newark, New Jersey, and (2) a denial that the merchandise was of the reasonable and agreed value as alleged in the complaint.

In the light of all of the facts pleaded in the affirmative answer and counterclaim, these denials were purely formal and largely immaterial. Though per-

haps technically they presented issues, yet it was apparent from the pleadings as a whole that they did not present any substantial issue, and it was clearly within the discretion of the trial court to rule as he did. *Kleeb v. McInturff*, 71 Wash. 419, 128 Pac. 1076; *Los Angeles Olive Growers Association v. Pacific Grocery Co.*, 119 Wash. 293, 205 Pac. 375.

Appellant next complains that the court admitted oral testimony tending to vary the terms of the written contract. As we read the evidence, nothing of the kind occurred. The court permitted oral evidence to be given of the negotiations, conversations and representations made before the contract was signed, as bearing upon the issue of whether or no the contract was procured to be signed by misrepresentation and fraud. Of course, a written contract procured by fraud is void, because fraud vitiates everything into which it enters. Such has been the rule in this state from the beginning *(O'Hare v. Duckworth,* 4 Wash. 470, 30 Pac. 724), and we have followed it consistently *(Schroeder v. Hotel Commercial Co.,* 84 Wash. 685, 147 Pac. 417; *Flint v. Owl Land & Investment Co.,* 122 Wash. 401, 210 Pac. 811; *Bertelson v. Arthur,* 138 Wash. 445, 244 Pac. 695). We have other cases to like effect, too numerous to mention.

What has just been said and the authorities just cited sufficiently dispose, also, of the errors assigned upon the failure of the trial court to sustain a challenge to the sufficiency of the evidence, the denial of a motion for an instructed verdict, and like motions based upon the idea that the written contract could not be impeached for fraud in procuring its execution.

Appellant complains that nowhere in the affirmative answer and counterclaim is it alleged that the defendant could not by the exercise of ordinary care and

diligence have ascertained that the containers (the merchandise covered by the contract and delivered by the seller) were not suitable for the known purpose for which they were intended, and that there was no proof to that effect.

Complaint is also made of the omission of that feature from an instruction given to the jury. In discussing this issue, it must be borne in mind that the subject of the transaction was a fiber container manufactured and put upon the market by the appellant, of which respondents knew nothing except as they were informed by the appellant's sales agent or could see by looking at samples submitted. Respondents were in no position to test the container under conditions which would exist in actual, practical use, had never had any experience in using such a container for such a product as was then known to the seller to be under consideration, and notwithstanding samples were shown them, respondents had no means of judging of its sufficiency, and were in a position where they must either buy on the seller's representations or not at all.

Under these facts we cannot apply the rule announced in *Penney v. Pederson,* 146 Wash. 31, 261 Pac. 636, upon which appellant relies. On the contrary, since, under the uniform sales act, Rem. 1927 Sup., § 5836-15, where the buyer makes known the purpose for which the goods are required and relies upon the seller's skill or judgment, an implied warranty arises that the goods shall be reasonably fit for such purpose, and since we have heretofore held that the buyer is not obliged to test the truthfulness of the seller's statements under such circumstances *(Christensen v. Koch,* 85 Wash. 472, 148 Pac. 585; *Clark v. Parker,* 155 Wash. 624, 285 Pac. 652), we must now hold that the issue was properly submitted to the jury.

■ A further assignment of error is based upon the refusal of a requested instruction upon the law of sale by sample, which perhaps would have been proper in substance if concededly this had been a case of sale by sample. But while the appellant advanced that theory, the theory of the respondents was quite to the contrary. Respondents urge that the form of the requested instruction was such as to take from the jury the question of fact as to whether the parties contracted solely with reference to the sample then furnished. The law as we now understand it is well stated in 55 C. J. 416, where it is said:

"To constitute a sale by sample it must appear that the parties contracted solely with reference to the sample, with the understanding that the bulk was like it, and whenever the designation of the quality is by reference to a sample, the sale is by sample. But the mere exhibition of a sample by the seller, in the absence of any showing that it was an inducement of the sale or formed the sole basis thereof, does not amount to such a designation of quality as to constitute a sale by sample, . . ."

And, certainly, the requested instruction did not point out to the jury with clarity that it must find that the parties contracted solely with reference to the sample, before the rule would apply.

■ But we need not enter into a discussion of any of these matters, for the reason that the exception taken to the refusal to give the requested instruction was, we think, insufficient to warrant us in reviewing the matter. The exception shown in the record is:

"Plaintiff excepted to the refusal of the court to give said instruction, and the exception was by the court allowed."

We have frequently held such an exception to be insufficient under the rules which now govern. *Wallin v. Massachusetts Bonding & Insurance Co.*, 152 Wash.

272, 277 Pac. 999; *Beeson Brothers v. Chambers,* 155 Wash. 564, 285 Pac. 433.

Other assignments of error are sufficiently covered by what has already been said.

Finding no error, the judgment is affirmed.

PARKER, MITCHELL, HOLCOMB, and MILLARD, JJ., concur.

