[No. 79609-2. En Banc.]
Considered December 6, 2007.     Decided December 13, 2007.

FRED A. ROSS ET AL., *Respondents*, v. JOHN F. KIRNER ET AL., *Petitioners*, TICOR TITLE INSURANCE COMPANY, *Respondent*.

494

*Alan B. Hughes* (of *Alan B. Hughes, PS*) and *David V. Johnson* (of *Johnson Rutz & Tassle*), for petitioners.

*Gregory L. Ursich* (of *Linville Ursich, PLLC*) and *Matthew F. Davis*, for respondents.

¶1 PER CURIAM — Relying on the merger doctrine, real estate seller John Kirner obtained a summary judgment dismissing a negligent misrepresentation action arising from a purchase and sale agreement. The Court of Appeals reversed, holding that the merger doctrine did not apply to the negligent misrepresentation claim and that Kirner committed negligent misrepresentation. Although we agree with the Court of Appeals that the merger doctrine does not apply, it cannot be said as a matter of law that Kirner's conduct constituted negligent misrepresentation. Whether Kirner committed actionable negligent misrepresentation turns on genuine issues of material fact to be resolved at trial. Accordingly, we affirm the Court of Appeals reinstatement of the negligence misrepresentation claim but disapprove of the court's decision to the extent it suggests Kirner committed negligent misrepresentation as a matter of law.

## FACTS

¶2 In February 1998, Kirner executed a written agreement to sell real property he owned in Clallam County to Fred Ross. The parties agreed to use Clallam Title Company for escrow services, to obtain title insurance from Ticor Title Insurance Company, and to close on April 27, 1998. Kirner previously owned adjacent land east and west of the parcel he sold to Ross. On the date of the purchase and sale agreement, a 1993 survey map showed a single easement bisecting the property and serving as access to properties to the east and west. But the survey map did not show additional easements that Kirner had deeded to his son in 1975 when he conveyed the property west of the parcel he later sold to Ross. Kirner did not disclose to Ross those additional easements when the purchase and sale agreement was executed, though he knew about them.

¶3 Shortly after the parties executed their agreement, Paulette Waldron, a Clallam Title escrow officer, sent them a packet of closing documents, including a proposed deed and a preliminary commitment for title that listed ease-

ments and other encumbrances, but not the additional easements Kirner had deeded to his son.

¶4 Before entering into the purchase and sale agreement, Kirner had commissioned a new survey of the lot he later sold to Ross and the lot to the east. That survey was recorded on March 24, 1998, about a month before the scheduled closing date of the sale to Ross. It showed two new 15-foot-wide easements running east-west across the lots, one over the northern portion and the other over the southern portion of the two parcels. Kirner did not consult Ross, the real estate agent (a dual agent), or Waldron before having the survey completed and recorded. Ross claims that neither Kirner nor anyone from Clallam Title told him about the new easements despite a provision in the sales agreement that the parties would not modify the agreement without the parties' written consent.

¶5 Shortly after the new survey was recorded, a Clallam Title examiner prepared a supplemental report to the second preliminary title commitment on Ticor's behalf and sent the report to Waldron. The supplemental report mentioned two ingress and egress easements recorded on March 24, 1998. Waldron then added the language "[e]asements for ingress and egress recorded on March 24, 1998" to the proposed statutory warranty deed and sent a copy of the deed to Ross. Clerk's Papers at 290. The deed did not call special attention to the changes from the original proposed deed or include the new survey map.

¶6 After Kirner signed the statutory warranty deed, the transaction closed and the deed was recorded on April 15, 1998. Ross subsequently built a house and made other improvements to the property. Later, Ross learned of the two additional easements recorded in 1998.

¶7 In 2000, Ross sued Clallam Title, Ticor, and Kirner for damages. Ross arbitrated his claims against Ticor and recovered damages for the diminished value caused by the two easements. Ross then agreed to dismiss all remaining claims against Ticor and settled with Clallam Title. Ross amended his complaint against Kirner, seeking to rescind

the contract and recover interest on the contract price. He also sought damages for the improvements he made to the property, and costs and attorney fees. Ticor, as Ross's subrogee under the title insurance policy, cross-claimed against Kirner for fraud, negligent misrepresentation, and breach of contract.

¶8 The trial court granted summary judgment to Kirner, reasoning that the merger of the contract's terms into the deed rendered Kirner's failure to disclose the easements irrelevant because the deed reported the easements, thus defeating Ross's claim that he did not know about the easements. The court awarded Kirner attorney fees against Ross and Ticor.

¶9 The Court of Appeals reversed and remanded, holding that the merger doctrine did not bar the negligent misrepresentation claim and that "Kirner's failure to disclose the additional easements amounts to negligent misrepresentation." *Ross v. Ticor Title Ins. Co.*, 135 Wn. App. 182, 192, 143 P.3d 885 (2006). We grant Kirner's petition for review.

## MERGER DOCTRINE

■ ¶10 Under the merger doctrine, the provisions of a real estate purchase and sale agreement merge into the deed upon execution of the deed. *Black v. Evergreen Land Developers, Inc.*, 75 Wn.2d 241, 248, 450 P.2d 470 (1969); *Davis v. Lee*, 52 Wash. 330, 335, 100 P. 752 (1909). Execution and acceptance of a deed varying from the terms of the underlying purchase and sale agreement amends the contract so that the provisions of the deed generally fixes the parties' rights. *Snyder v. Roberts*, 45 Wn.2d 865, 871, 278 P.2d 348 (1955).

■ ¶11 But the merger doctrine does not bar actions based on fraud, misrepresentation, or mistake. *Black*, 75 Wn.2d at 248; *Becker v. Lagerquist Bros., Inc.*, 55 Wn.2d 425, 428, 348 P.2d 423 (1960). Here, Ross (through subrogee Ticor) alleged fraud and misrepresentation. Merger does not defeat that claim.

¶12 Kirner relies on *Michak v. Transnation Title Insurance Co.*, 148 Wn.2d 788, 798-99, 64 P.3d 22 (2003), a breach of contract case where we held that a buyer who voluntarily signs a contract cannot claim ignorance of its contents. But the claim here is negligent misrepresentation, not breach of contract. And in *Michak*, we recognized that the voluntary signature rule would not have applied in that case had the plaintiff asserted " 'fraud, deceit, or coercion.' " *Michak*, 148 Wn.2d at 799 (quoting *Yakima County (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 389, 858 P.2d 245 (1993)). Because Ross alleges misrepresentation, the Court of Appeals held correctly that the merger doctrine does not apply to that claim.

## NEGLIGENT MISREPRESENTATION

¶13 Because the trial court dismissed the negligent misrepresentation claim under the merger doctrine, it did not reach the merits of that claim. But the Court of Appeals held that Kirner's conduct "amounts to" negligent misrepresentation. *Ross*, 135 Wn. App. at 192. We disapprove of that conclusion to the extent it is grounded on outdated case law and suggests that Kirner committed actionable negligent misrepresentation as a matter of law.

¶14 A plaintiff claiming negligent misrepresentation must prove by clear, cogent, and convincing evidence that (1) the defendant supplied information for the guidance of others in their business transactions that was false, (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in his business transactions, (3) the defendant was negligent in obtaining or communicating the false information, (4) the plaintiff relied on the false information, (5) the plaintiff's reliance was reasonable, and (6) the false information proximately caused the plaintiff damages. *Lawyers Title Ins. Corp. v. Baik*, 147 Wn.2d 536, 545, 55 P.3d 619 (2002). An omission alone cannot constitute negligent misrepresentation, since the plaintiff must justifiably rely on a misrepresentation. *Havens v. C&D Plastics,*

*Inc.*, 124 Wn.2d 158, 180-81, 876 P.2d 435 (1994); *Trimble v. Wash. State Univ.*, 140 Wn.2d 88, 97-98, 993 P.2d 259 (2000). Moreover, the plaintiff must not have been negligent in relying on the representation. *ESCA Corp. v. KPMG Peat Marwick*, 135 Wn.2d 820, 826-27, 959 P.2d 651 (1998); *Condor Enters., Inc. v. Boise Cascade Corp.*, 71 Wn. App. 48, 52-53, 856 P.2d 713 (1993).

¶15 Here, the Court of Appeals relied in large part on older authorities superseded by the contemporary six-element analysis. *See Amtruck Factors v. Int'l Forest Prods.*, 59 Wn. App. 8, 18, 795 P.2d 742 (1990) (plaintiff must prove (1) false statement (2) made to induce business transaction (3) upon which other party justifiably relied); *Flint v. Owl Land & Inv. Co.*, 122 Wash. 401, 402-03, 210 P. 811 (1922) (buyers entitled to specific performance when they relied on seller-misrepresented intention to restrict use of surrounding lots); *Nelson v. Title Trust Co.*, 52 Wash. 258, 259-62, 100 P. 730 (1909) (buyer entitled to relief when seller misled buyer into signing contract and then replatted and changed boundaries of property). And the Court of Appeals did not meaningfully discuss justifiable reliance.

¶16 The Court of Appeals properly viewed the evidence and reasonable inferences arising therefrom in the light most favorable to the nonmoving parties, Ross and Ticor. *Osborn v. Mason County*, 157 Wn.2d 18, 22, 134 P.3d 197 (2006). And there is evidence supporting the negligent misrepresentation claim. But the undisputed evidence does not establish as a matter of law that Kirner committed actionable negligent misrepresentation. Thus, the Court of Appeals erred to the extent it held that Kirner committed negligent misrepresentation as a matter of law.

## ATTORNEY FEES

¶17 Kirner requests attorney fees pursuant to the purchase and sale agreement, which authorizes an award of fees to the prevailing party in any action to enforce the agreement. But in light of our decision, Kirner is not a

substantially prevailing party in this court. He is therefore not entitled to attorney fees in this court.

¶18 We affirm the Court of Appeals reinstatement of the negligent misrepresentation claim and remand the matter to the trial court for further proceedings consistent with this opinion.